**JOSE SANTANA CARMONA, Plaintiff**

v.

**PERCY DE JONGH, Commissioner of Finance, et al., Defendants**

Civil No. 41-1957

District Court of the Virgin Islands

Div. of St. Croix, Christiansted Jurisdiction

January 3, 1958

*See, also, 157 F. Supp. 540*

ALMERIC L. CHRISTIAN, ESQ., Christiansted, Virgin Islands, *for plaintiff*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for defendants*

MARIS, *Circuit Judge*

This is a suit under the Pentheny Employees Compensation Act of St. Croix, which has been consolidated with the Kean Workmen Compensation Act of St. Thomas and St. John and incorporated in the Virgin Islands Code as chapter 11, Workmen's Compensation, of Title 24, to compel payment from the Government Insurance Fund

of an award of compensation which has been made to the plaintiff, an employee of Francisco Cruz Reyes. The plaintiff had been injured in the service of his employer on March 9, 1956, and he was awarded compensation totalling $186 by a compensation officer of the Department of Agriculture and Labor on February 13, 1957. The defendant Percy de Jongh, as Custodian of the Government Insurance Fund, has refused to pay the award out of the Fund and the defendants have moved to dismiss the action on the ground that under the Act the Fund is not liable to pay the award in the circumstance of this case.

The facts are that the employer, Cruz Reyes, had been covered by the Government Insurance Fund up to the end of 1955 and on or before January 15, 1956 had filed the statement required by section 29 of the Act (24 V.I.C. § 276) showing the number of persons employed by said employer, the kind of occupation or industry of the said persons, and the total amount of wages paid to them during the previous calendar year. However, the employer did not pay until December 19, 1956, the semiannual premium which was due and payable under the Act on or before January 31, 1956.

Section 30 of the Act, as now embodied in section 277 of Title 24 of the Virgin Islands Code, provides:

"Any employer who has been covered by the Government Insurance Fund up to the end of the preceding year shall be covered during the period January 1, to January 31, provided that every employer who has not presented the statement under oath and who has not paid the premiums within the time herein specified shall be considered an uninsured employer."

The defendants' motion to dismiss the action is based upon their contention that under the foregoing language the plaintiff's employer was uninsured by the Government Insurance Fund at the time of the plaintiff's injury since he had not paid the semi-annual premium for the first

half of 1956 on or before January 31, 1956 the time specified in the Act, and that as a result the plaintiff must look solely to his employer for the payment of his compensation award and may not have recourse to the Government Insurance Fund for such payment.

■ ■ The Pentheny Employees Compensation Act appears to have been modeled on the Workmen's Accident Compensation Act of Puerto Rico (11 Laws of Puerto Rico Annotated ch. 1) although in somewhat abbreviated form. It provides in section 17 (24 V.I.C. § 264) that every employer shall secure the payment of compensation to be awarded to his employees under the Act by insuring with the Government Insurance Fund. Failure to do so is made a criminal offense. It appears that insurance with the Fund comes into force when an employer has filed with the Commissioner of Finance for the first time the statement required by section 29 of the Act (24 V.I.C. § 276) showing the number of workmen employed, the occupation of the workmen and the wages paid to them, and has paid the required premium.[1] Failure to file the required statement is made a crime by section 29, and section 31 (24 V.I.C. § 278) requires the Government to collect delinquent premiums by civil action. It is thus to be seen that the intent of the Act is to provide compulsory Government insurance for the protection of all employees covered by the Act. Being remedial in nature the Act must be given a liberal construction in favor of the employees it seeks to protect. 50 Am. Jur. Statutes, sec. 392; 58 Am. Jur. Workmen's Compensation, sec. 27; Industrial Commission of Wisconsin v. McCartin, 1947, 330 U.S. 622, 67 S. Ct. 886, 91 L. Ed. 1140; Baltimore & Philadelphia Steamboat Co. v. Norton, 1932, 284 U.S. 408, 52 S. Ct. 187, 76 L. Ed. 366.

[1]This is spelled out in section 27 of the Puerto Rico Workmen's Accident compensation Act. 11 L.P.R.A. § 28. It is not explicitly stated in the Pentheny Employees Compensation Act but is, I believe, clearly to be implied from the provisions of that act.

Section 29 of the Act, as now embodied in section 276 of Title 24 of the Virgin Islands Code, provides:

"Every employer affected by this chapter shall file with the Commissioner of Finance not later than January 15 of each year a statement under oath on forms supplied by the Commissioner of Finance, showing the number of workmen employed by said employer, the kind of occupation or industry of the workmen, and the total amount of wages paid to the workmen during the calendar year. Notices requesting compliance with this section shall be published at least once a week for four weeks in a newspaper of general circulation in the Virgin Islands.

"The premium prescribed by this chapter shall be computed on the total amount of wages declared in said statements. Every employer employing workmen covered by this chapter for any part of the half year[2] shall file the aforesaid duplicate[3] statement, under oath, including the estimated wages to be paid to said workmen or employees, before commencement of the work; and upon termination of the work, the employer shall file a sworn statement showing the actual amount of wages paid, on which sum the corresponding liquidation shall be made either by assessment of additional premium or by refund of excess premium collected. Should any employer substantially increase his payroll during the term of insurance, he shall file a supplementary statement within 15 days after such increase, and he shall pay additional deposit premiums on the basis of such increase.

"Should any employer fail to file such statements on the date specified above or before the commencement of temporary work, he shall be fined not more than $500."

■■■ It appears that in the present case the employer, Cruz Reyes, filed the required statement in January, 1955 and paid the premiums for that year. He was therefore an insured employer at the beginning of 1956, and by the express terms of section 30 (24 V.I.C. § 277) he remained insured until January 31st of that year. Having filed on

[2]The half year here mentioned must refer to the half years January 1 to June 30 and July 1 to December 31 for which semi-annual premiums are paid. See 24 V.I.C. §§ 272 and 278.

[2]The word "duplicate" here used appears to have been inadvertently copied from the Puerto Rico Act although the provisions of that Act requiring the filing of the annual statement to be in duplicate was omitted from the first paragraph of section 29. See 11 L.P.R.A. § 28.

or before January 15, 1956 the annual statement required . by section 29 his status as an insured employer was thereby continued for the calendar year 1956. In my opinion his failure to pay the semi-annual premium due on January 31, 1956 until December 19, 1956 did not affect that status or render him an uninsured employer. For the proviso contained in section 30 of the Act states that an employer shall be considered uninsured only if he has not presented the statement *and* has not paid the premiums within the time specified in the Act. Failure to do one or the other is not enough; there must be a failure both to file the statement and to pay the premiums in order to render the employer uninsured and thereby to deprive his employees of the protection afforded by insurance with the Government Insurance Fund. To hold otherwise would be to construe the Act strictly against the employee and thereby to produce a most unjust result, since the employee has no control over or even knowledge of his employer's premium payments. It is a rule of statutory construction that such an unjust result is to be avoided if possible. 50 Am. Jur. Statutes, sec. 370.

In the respect here under discussion the Act differs from its prototype, the Puerto Rico statute, which renders an employer temporarily uninsured for delinquency in either presenting the required statement or paying the required premium. Under the Pentheny Employees Compensation Act, however, the failure of an employer who has previously acquired an insured status to pay subsequent premiums on time does not render him uninsured or deprive his employees of the protection of the Fund unless he has also failed to file the annual statement required by section 29 of the Act, now section 276 of Title 24 of the Virgin Islands Code.

I conclude that the plaintiff's employer was insured at the time of his injury and that the plaintiff is, there-

fore, entitled to the payment of his compensation award from the Government Insurance Fund.

A judgment will be entered in favor of the plaintiff and against the defendant Percy de Jongh, Commissioner of Finance, as Custodian of the Government Insurance Fund for $186, together with costs of suit and attorney's fee of $50. The action will be dismissed as to the defendants Walter J. M. Petersen, Administrative Assistant to the Commissioner of Finance and the Municipal Insurance Fund.