**BERT L. PAIEWONSKY, Appellant**

**v.**

**RALPH M. PAIEWONSKY, Appellee**

No. 19,365

United States Court of Appeals

Third Circuit

Argued May 17, 1971

Decided July 21, 1971

*See, also, 446 F.2d 178*

---

LLOYD I. ISLER, ESQ., New York, N.Y., *for appellant*
FRANK L. MILLER, ESQ., New York, N.Y., *for appellee*

Before SEITZ, VAN DUSEN and ADAMS, *Circuit Judges*

SEITZ, *Chief Judge*

This case raises the interesting question as to whether the doctrine of interspousal immunity has continuing vitality in the Virgin Islands.

Plaintiff, wife, appeals from an order of the district court of the Virgin Islands granting her husband's motion to dismiss her complaint against him. Her complaint seeks damages allegedly resulting from defendant's wilful conduct by which he intentionally caused her great humiliation. She alleges that, intending her to rely on the representations, he falsely represented that he loved her, that he wished to marry her so that he could spend his life with her, and that she relied upon this to her detriment in entering into marriage with him. She further claims that the marriage was a plan on his part to obtain a necessary "marriage of convenience" to enable him to secure and retain high public office and that he failed to disclose his intent to terminate the marriage after he had achieved the position, and completed the term, of this high office so that she would continue the relationship with him. The district court dismissed the complaint on the ground that the common law doctrine of interspousal immunity wholly barred plaintiff's claim.

We note preliminarily that it is not disputed that the law of the Virgin Islands controls the questions raised in this appeal. Plaintiff asks us to reverse the district court for any of the following reasons: (1) legislation governing the Virgin Islands abrogated the common law doctrine of interspousal immunity and now permits a wife to sue her husband in tort, (2) the doctrine of interspousal immunity should be judicially abrogated, or (3) the restriction against interspousal suits violates the Equal Protection Clause of the Fourteenth Amendment.

· The doctrine of interspousal immunity derives from the common law view that a husband and wife have a single legal existence. Consequently it was not legally possible for one spouse to maintain a tort action against the other, for such a suit would necessarily involve a suit by a legal entity against itself. Many American jurisdictions have either substantially eroded the immunity doctrine or entirely abrogated it. However, at the last reading a majority of the states retain it despite frequent attacks on its underlying policy justifications. The justification for the doctrine is that it serves to further a policy of domestic harmony because tort actions between spouses tend to destroy harmony in the marital relationship. It is also claimed that the doctrine serves to minimize the danger of fictitious, fraudulent, and trivial claims. Thompson v. Thompson, 218 U.S. 611, 614–15 (1910); Prosser, Handbook of the Law of Torts 879–85 (3d ed. 1964); 1 Harper & James, Torts § 8.10, at 643–47 (1956); 41 C.J.S., Husband and Wife §§ 396, et seq.; 43 A.L.R.2d 626 (1969 Later Case Service). We turn to plaintiff's contentions against this background.

Plaintiff contends that the legislation now governing the Virgin Islands, when read in conjunction with certain provisions of the earlier Code, reflects an intent to completely abrogate the common law doctrine of interspousal immunity. Her reasoning goes this way: Title 2, Ch. 14, § 7 of the 1921 Code constituted a positive legislative retention of the common law immunity doctrine; that provision was omitted from the present governing Code adopted in 1957; and such omission shows that the legislature intended to abrogate the doctrine. The soundness of plaintiff's reasoning is dependent upon the validity of her major premise that Title 2, Ch. 14, § 7 of the 1921 Code affirmatively incorporated the entire common law interspousal immunity doctrine. That section provided:

425

*"All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed;* and for any unjust usurpation of her property or natural rights she shall have the same right to appeal in her own name alone to all courts for redress that her husband has." (Emphasis supplied).

■■■ Section 7 is typical of many of the Married Women's Acts which were adopted throughout the United States in order to eliminate certain civil inequities in the status of a married woman. The italicized language of the statute shows that the statute speaks solely to disabilities applicable to only the wife—not mutual disabilities. The immunity doctrine, however, not only bars the wife from suing the husband but, of importance, it also bars the husband from suing the wife.[1] Thus, the quoted provision in the 1921 Code cannot be considered as a positive legislative enactment of the immunity doctrine.[1a] Rather, it refers to actions by or against third parties. It follows that the omission from the present code of the pertinent portion of § 7 is no evidence that the legislature intended to repeal the doctrine.

Plaintiff next argues that Title 16, Ch. 1, § 71 of the present Virgin Islands Code should be given a broad interpretation which would in effect abrogate the doctrine of interspousal immunity. Section 71 provides that:

"Contracts may be made by the wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried."[2]

---

[1] Prosser, Handbook of the Law of Torts 880 (3d ed. 1964).

[1a] The doctrine was made applicable to the Virgin Islands by the following provisions of the 1921 Code:

"The common law of England as adopted and understood in the United States shall be in force in this District, except as modified by this ordinance." Title IV, ch. 13, § 6, of the 1921 Codes for the Municipality of St. Thomas and St. John, and the Municipality of St. Croix, respectively.

[2] See also 5 V.I.C. § 72.

■■ Assuming that § 71 is applicable to tort actions, we think the Legislature must be considered to have enacted it against the background of the common law doctrine of interspousal immunity. At common law a wife could not bring suit against a third party or be sued by such party unless her husband was made a party to the suit. Speaking of a similar problem of statutory interpretation the Supreme Court said: "Had it been the legislative purpose not only to permit the wife to bring suits free from her husband's participation and control, but to bring actions against him also for injuries to person or property as though they were strangers, thus emphasizing and publishing differences which otherwise might not be serious, it would have been easy to have expressed that intent in terms of irresistible clearness." Thompson v. Thompson, supra at 618. The legislature did not so express itself. We are therefore guided by the familiar principle of statutory construction that statutes in derogation of the common law are to be given a strict construction and shall only abrogate that portion of the common law expressly indicated[3] or necessary to render its provisions effective. Texas & Pacific Ry. v. Abilene Cotton Oil Co., 204 U.S. 426, 437 (1907); Bauers v. Heisel, 361 F.2d 581, 587 (3d Cir. 1966), cert. denied, 386 U.S. 1021 (1967). In these circumstances a proper construction of § 71 would therefore permit a wife to bring suit against a third party without joining her husband but would not authorize her to bring suit against her husband because the statute serves a meaningful purpose without being construed to abrogate the immunity doctrine.

■ Plaintiff asserts, however, that § 71, adopted in 1957, was modeled after what was the territorial code of the then Territory of Alaska. She says that since the Supreme Court of Alaska later liberally construed the identical language to permit a wife to sue her husband in tort, Cramer v. Cramer,

---

[3] Cf. 1 V.I.C. § 63.

379 P.2d 95 (Alas. 1963), we should feel compelled to follow a similar course.[4] However, at the time the Virgin Islands adopted § 71 in 1957, the last pronouncement by a court having jurisdiction over the Territory of Alaska had interpreted the language in a manner which continued the common law bar to interspousal suits. E.g., Decker v. Kedley, 148 Fed. 681 (9th Cir. 1906). Under the rule of statutory construction which we must follow in considering Virgin Islands legislation taken from other jurisdictions, we must presume that the enactment of § 71 was intended to carry with it the previous judicial interpretations placed upon the language of the Alaskan statute by the court having jurisdiction over that Territory. Williams v. Dowling, 318 F.2d 642, 643–44 (3d Cir. 1963).

■■ We believe that when the Virgin Islands Legislature adopted § 71 it must be considered to have intended to retain the doctrine of interspousal immunity. We also conclude that the legislature in adopting the statute continued to believe that the policies upon which the common law doctrine was based continued to have vitality. Despite opinions expressed in some jurisdictions, we think that the issue is, upon the facts of this case, still susceptible to serious debate. We therefore conclude that at least at this time resolution of the question is more appropriate for legislative treatment. Since the legislature has been silent thereon, we are governed by 1 V.I.C. § 4 which states that:

"The rules of the common law, as expressed in the restatement of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands. . . ."

---

[4] It is possible to distinguish Cramer on the facts since it involved a claim for injuries resulting from an automobile accident and not a claimed intentional tort going to the basis of the marital relationship. Some jurisdictions which have abrogated the immunity doctrine have done so only in automobile negligence cases since an insurance company, not a spouse, is ordinarily the true adversary. E.g. Immer v. Risko, 56 N.J. 482, 267 A.2d 481 (1970).

Since the Restatement of Torts explicitly refrains from speaking to the question of interspousal immunity,[5] we look to the common law as generally applied in the United States. As we have stated, the common law even with many of its modifications would bar the present action. Hence, we do not accept plaintiff's view that we should judicially abrogate the doctrine in the factual situation alleged in her complaint.[6]

■ Finally plaintiff claims that the doctrine of interspousal immunity discriminates against women who marry in that it compels them to suffer damages, without recourse available to other persons, solely because of their marital status. This classification, plaintiff asserts, violates the Equal Protection Clause of the Fourteenth Amendment. Since we have not been convinced that the immunity doctrine lacks substantial vitality, we think it follows that it has a reasonable relationship to the interest sought to be furthered by it. In sum, we believe that the legislative interest in promoting domestic tranquility is sufficiently compelling upon the facts of this case to support the classification in question. See also Locklair v. Locklair, 256 F.Supp. 530 (D. S. C. 1966). Any change is still for the Legislature.

The order of the district court will be affirmed.

---

[5] Restatement of Torts, § 887 Comment b.

[6] We have not overlooked the fact that some jurisdictions have abrogated the common law doctrine of interspousal immunity in cases involving intentional torts.