JOSEPH BERKELEY, Appellant

v.

WEST INDIES ENTERPRISES, INC., Appellee

No. 72-1138

United States Court of Appeals

Third Circuit

Argued at Christiansted January 29, 1973

Filed June 8, 1973

---

THOMAS ALKON, ESQ. (ISHERWOOD & COLIANNI), Christiansted, St. Croix, V.I., *for appellant*

ROGER L. CAMPBELL, ESQ. (LOUD & CAMPBELL), St. Thomas, V.I., and IRWIN J. SILVERLIGHT, ESQ, (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *for appellee*

Before MARIS, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

The plaintiff, Joseph Berkeley, a workman employed by a subcontractor, brought this third-party action in the District Court of the Virgin Islands against the defendant, West Indies Enterprises, Inc., the prime contractor, to recover damages for severe injuries, allegedly resulting from the defendant's negligence, which had been suffered by the

plaintiff during the course of his employment as a carpenter. The question for decision on this appeal is whether the action was timely brought.

The date of the plaintiff's injury was November 23, 1968; he applied for compensation under the Virgin Islands Workmen's Compensation Act, 24 V.I.C. §§ 251 et seq., and was awarded compensation pursuant to a final order of the Commissioner of Labor dated June 24, 1969. The present suit was brought on November 18, 1970, more than one year from the time of the Commissioner's decision but less than two years from the date of the plaintiff's injury. The defendant filed an answer and a motion to dismiss the complaint in which it asserted that the plaintiff's claim was barred by the special statute of limitations contained in § 263 of the Workmen's Compensation Act, 24 V.I.C. § 263. The plaintiff opposed the motion for dismissal, asserting that his action for recovery of damages for personal injuries was governed by the general statute of limitations which provides that an action for injury to the person be brought within two years from the time of injury. 5 V.I.C. § 31(5)(A).

The district court, after hearing argument, concluded that § 263 did not clearly express a legislative intent that the one-year limitation for which it provided should apply to a personal injury action brought by an injured employee against a third party and that in the absence of clear language to the contrary, the general statutory two-year limitation for such actions applied. An order was entered denying the defendant's motion to dismiss the complaint. However, the district court subsequently reconsidered the defendant's motion. In view of the construction given by the courts of Puerto Rico to the similar one-year limitation contained in the Workmen's Accident Compensation Act of that commonwealth, 11 L.P.R.A. § 32, from the provisions of which § 263 of the Virgin Islands Act had originally

been taken, the district court decided that it should apply the one-year limitation, as thus construed, to the present case. Berkeley v. West Indies Enterprises, Inc., 1971, 9 V.I. 251. Accordingly, the district court vacated its prior order and entered an order granting the defendant's motion to dismiss the complaint as untimely filed. From that order the plaintiff has taken the present appeal.

The plaintiff contends, on this appeal, that the district court was right upon its initial consideration of the motion to dismiss in holding that the general two-year statute of limitations applies to this personal injury action and that the court on reconsideration erred in concluding that the special one-year limitation in § 263 of the Workmen's Compensation Act applies and bars the present action. We turn, then, to examine the provisions of the statutes in question. 5 V.I.C. § 31 in pertinent part provides:

"§ 31. Time for commencement of various actions

"Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
. . .

"(5) *Two years*—

"(A) An action for . . . any injury to the person . . .".

§ 263 of the Virgin Islands Workmen's Compensation Act, 24 V.I.C. § 263,[1] in pertinent part provides:

---

[1] "In cases where the injury, the occupational disease, or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death, within one year following the date of the final decision of the case by the Commissioner, who may subrogate himself to the rights of the workman or employee or his beneficiaries to institute the same action in the following manner:

"When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Commissioner shall subrogate himself to the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or

"§ 263. Liability of third persons; subrogation

"In cases where the injury, . . . entitling the workman or employee . . . to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury, . . . the injured workman or employee . . . may claim and recover damages from the third person responsible for said injury, . . . within one year following the date of the final decision of the case by the Commissioner, who may subrogate himself to the rights of the workman or employee or his beneficiaries to institute the same action . . .".

It will be seen that the Legislature expressly recognized by the language of § 31 that a limitation different from the

employee or of his beneficiaries, within 90 days following the date of the final decision of the case, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Commissioner under the provisions of this section, and it shall be the duty of the Commissioner to serve written notice on them of such proceedings within 5 days after the action is instituted.

"If the Commissioner should fail to institute action against the third person responsible within the term of 90 days from the date of the final decision of the case, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the Government Insurance Fund for the expenses incurred in the case.

"The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages until after the expiration of the 90 days from the decision of the case by the Commissioner.

"No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third person responsible, made before the expiration of the term of 90 days after the decision or after the expiration of said term, if the Commissioner has filed his complaint, shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of this nature, and no compromise whatsoever as to the rights of the parties to said actions shall be approved, without making express reserve of the rights of the Government Insurance Fund to reimbursement of all expenses incurred. The clerk of the court taking cognizance of any claim of the above-described nature, shall notify the Commissioner of any order entered by the court which affects the rights of the parties to the case, as well as the final disposition thereof.

"The Commissioner may compromise as to his rights against a third party responsible for the damages. No such extrajudicial compromise, however, shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

"Any sum obtained by the Commissioner through the means provided in this section shall be covered into the Government Insurance Fund." 24 V.I.C. § 263.

general limitations imposed by that section might be prescribed in special cases. We are satisfied that prescribing such a special limitation is exactly what the Legislature did when it enacted § 263 of the Workmen's Compensation Act. § 263 preserves to an injured employee his right to claim and recover damages from the third person responsible for his injury subject, of course, to the right of the Commissioner to subrogate himself to that right for the benefit of the Government Insurance Fund to the extent of the expenses of that Fund in the case. But the right of the employee to bring suit on his third-party claim is subjected by the Act to two limitations. The "employee . . . may not institute any action . . . until after the expiration of the 90 days from the decision of the case by the Commissioner." And he may bring it "within one year following the date of the final decision of the case by the Commissioner." While the latter language admittedly could be more precise we believe that it indicates a legislative intention to establish a limitation of one year upon the bringing of such a third-party suit. If this were not so and the general two-year limitation of 5 V.I.C. § 31 were held to be applicable that statute would always limit the injured employee to less than two years in which to bring his suit. Indeed, if the decision of the Commissioner on the employee's claim is delayed—in the present case it took more than seven months—his time thereafter for bringing suit might actually be much shorter than one year or, if the decision were long delayed, it might be cut off altogether, and this without any fault on the injured employee's part but solely as the result of the time taken by the Commissioner to reach a decision on the employee's claim for compensation. On the other hand, if it were to be held that the general two-year limitation does not apply to such suits and that § 263 does not supply a special limitation on the time for bringing them there would be no limitation whatever on such third-party suits. We do not think

that either result could have been intended by the Legislature.

■■ If § 263 as we have construed it were less clear than we believe it to be, our construction would nonetheless be compelled by the legislative history of the Act. The Act, which now appears in title 24 of the Virgin Islands Code, is a codification of the Kean Workmen's Compensation Act which was enacted by an Ordinance of the Municipal Council of St. Thomas and St. John, approved March 9, 1954. That Ordinance was taken directly, in somewhat abbreviated form, from the Workmen's Accident Compensation Act of Puerto Rico, 11 L.P.R.A. §§ 1 et seq. 24 V.I.C. §§ 251, 263, Historical Note; Carmona v. De Jongh, D.C. 1958, 3 V.I. 281, 157 F.Supp. 540; Caribbean Eng. Corp. v. Acting Com'r of Agr. & Labor, D.C. 1958, 3 V.I. 339, 162 F.Supp. 193. Indeed, in the case of § 263 of the Virgin Islands Act, with which we are here concerned, the pertinent language is virtually identical, except for the title of the public officer involved; with that of present § 32 [formerly § 31] of the Puerto Rico Act. Under these circumstances there comes into play the rule of statutory construction which is settled in the Virgin Islands that the language of a Virgin Islands statute which has been taken from the statutes of another jurisdiction is to be construed to mean what the highest court of the jurisdiction from which it was taken had, prior to its enactment in the Virgin Islands, construed it to mean. Municipality v. Stakemann, D.C. 1924, 1 V.I. 60; James v. Henry, D.C. 1957, 3 V.I. 273, 157 F.Supp. 226; Williams v. Dowling, 3 Cir. 1963, 4 V.I. 465, 318 F.2d 642; Caribe Construction Co. v. Penn, 3 Cir. 1965, 5 V.I. 180, 342 F.2d 964; Paiewonsky v. Paiewonsky, 3 Cir. 1971, 8 V.I. 421, 446 F.2d 178. And see Willis v. Eastern Trust and Banking Co., 1898, 169 U.S. 295. In the case of Moreno v. Penzol, 1952, 73 P.R.R. 12, the Supreme Court of Puerto Rico applied the one-year limitation of § 31 [now

§ 32] of the Workmen's Accident Compensation Act of Puerto Rico to bar a suit brought by an injured employee against a third party more than one year after the final decision of his case by the Manager of the State Insurance Fund, whose duties in this regard correspond to those of the Commissioner of Labor in the Virgin Islands. It thus appears that when the Workmen's Compensation Act of the Municipality of St. Thomas and St. John was taken from the Puerto Rico law in 1954 it brought with it the judicially settled meaning that what is now 24 V.I.C. § 263 imposes a special one-year limitation upon suits for damages brought by injured employees, or the Commissioner of Labor as their subrogee, against third parties alleged to be responsible for the injury. We conclude that the district court rightly held, on reconsideration, that the plaintiff's suit was barred by the limitation of § 263 and should be dismissed.

We need only add that there appears to be a sound basis in public policy for providing a special statute of limitations with respect to suits against third parties by an injured employee who has applied for compensation under the Workmen's Compensation Act. For such a provision makes certain that an injured employee will not be prejudiced in his right to sue a third-party tortfeasor by any undue delay beyond his control which may occur in the Commissioner's reaching a decision upon his claim for compensation. As we have already pointed out, if the general two-year statute were applicable and the Commissioner's proceedings should take a long time, the period within which the employee could exercise his right to bring a third-party suit might be drastically shortened or the right might even be cut off before he could exercise it. Under the special limitation provided by § 263 of the Act, on the other hand, the employee's right to bring a third-party suit will never be cut off until the Commissioner's decision on his claim for compensation has been rendered, no matter how much time

has elapsed since the date of the injury. See Larson, Workmen's Compensation Law, Vol. 2, § 75.30.

The order of the district court will be affirmed.

---

ROSENN, *Circuit Judge*, Dissenting

I respectfully dissent because I believe the result reached by the majority leads to the following anomalous results:

(1) A workman who sustains a personal injury and who never claims workmen's compensation has two years in which to commence suit against the allegedly responsible third party. If he does file a workmen's compensation claim, however, and the Commissioner renders a decision promptly, the two year period in which he may bring suit is substantially lessened.

When an injured workman files a workmen's compensation claim, under 24 V.I.C. § 263 he may not file his third party claim until at least ninety days after the final decision of the Commissioner. He, thus, has only nine months to consider his action, and prepare and file his complaint. If the Commissioner renders his final decision less than one year after the injury, for example within seven months, suit against the third party must be commenced within nineteen months of the date of the injury instead of within the usual two years. Instead of protecting a personal injury claimant's right to at least a two year statute of limitations, this interpretation of the statute has the effect of a prejudicial reduction in time in which to file suit. Ironically, the more efficient is the Commissioner, the more seriously the workman is prejudiced.

(2) Under 24 V.I.C. § 261(d)(1), an uninsured workman who receives compensation for his injury may proceed against the negligent third party for the entire two year period of the statute of limitations. No one year limitation

is included in this statute. When the employee is insured and receives compensation, however, in some circumstances he has less than two years to bring suit. The workman whose employer violates the law by not insuring his employees is thus placed in a more advantageous position than the workman whose employer abides by the workmen's compensation laws.

As I read and reconcile pertinent Virgin Islands statutes, a personal injury claimant would at all times have two years from the date of injury to file his personal injury claim, whether or not he also files a workmen's compensation claim. If he files a workmen's compensation claim, and the Commissioner renders his final decision more than one year after the date of the injury, then the claimant has at least one year from the date of the final decision to bring his personal injury action. Such an interpretation, in my opinion, has a sound public basis since (1) it expands the statute of limitations when warranted, but never contracts it; (2) it encourages third party claims, and thus supports the Government Insurance Fund's subrogation rights.

I therefore conclude that 24 V.I.C. § 263 and its one year limitation do not bar a cause of action under the circumstances of this case. The Puerto Rican precedents, on which the majority relies, may be persuasive but they are neither compelling nor mandatory.

The court aptly explicated the purpose of 24 V.I.C. § 263 in Ayala v. Marshall, 6 V.I. 615, 618 (1968) stating:

Thus it will be seen that the principal purpose of this section is to provide for the subrogation by the Commissioner in cases where the injured employee seeks both compensation under the statute and damages from a third party tortfeasor.

The issue in Ayala was whether employees eligible to claim under the Virgin Islands workmen's compensation laws could file a common law suit against the third party although they had never sought the compensation remedy.

Recognizing both that a common law remedy for negligence existed against third parties and that "a statute will not be construed to be in derogation of the common law unless both the language and intent of the statute clearly require such a construction," the court held:

> It does not necessarily follow . . . that by granting to the employee the right to seek both compensation and damages from a third party the statute deprives him of the right to seek such damages alone at common law.

6 V.I. at 618–19.

In interpreting § 263 for purposes of the issue at hand here, I would similarly follow the logical principle of reconciling both statutes and avoiding any derogation of the common law right in the absence of statutory language which "clearly require[s]" such interpretation. The general statute of limitations in the Virgin Islands, 5 V.I.C. § 31, provides a two year period for filing of causes of action for injuries to the person "except when, in special cases, a different limitation is prescribed by statute." The one year period in which to bring claims under § 263 provides in some circumstances such a "special case," but the principles favoring reconciliation of statutes and disfavoring derogation of common law rights suggest no such "special case" exists in the present suit. When the Commissioner takes more than one year to reach a decision, a special case exists and the two year statute of limitations is extended. When the Commissioner acts in less than one year, however, no special case exists which would shorten the two year statute of limitations.

Section 263, unlike § 31, speaks in permissive rather than mandatory terms:

> [T]he injured workman or employee . . . *may* claim and recover damages from the third person responsible for said injury, . . . within one year following the date of the final decision of the case by the Commissioner. [Emphasis added.]

For § 263 to have "clearly require[d]" a dimunition of the time within which to file common law personal injury claims, I believe it would have had to have been drafted in express mandatory terms. The statutory schema of the several pertinent statutes reflects an intention of the drafters not to have shortened the general statute of limitations when the Commissioner reached a final decision in less than one year, as in the case sub judice, but, rather, to provide at least a full year's span for consideration, preparation, and filing of a complaint in cases when the Commissioner's decision was not reached until more than one year after the injury occurred. I would thus interpret § 263 to allow filing of claims against third parties either (a) within two years of the injury, or (b) within one year of the Commissioner's final decision, whichever should occur later. Such a construction protects a workmen's compensation claimant by providing at least a two year period in which to sue.

The majority opinion argues that its construction of § 263 is compelled by precedent in Puerto Rico construing the Commonwealth's nearly identical workmen's compensation act from which the Virgin Islands statute was borrowed. It is true that Puerto Rican precedents both before[1] and after[2] the Virgin Islands adopted the Puerto Rican statute interpret the equivalent Commonwealth statute, 11 L.P.R.A. § 32, as a one year statute of limitations. In Puerto Rico, however, the statute of limitations on common law tort claims is also one year, 31 L.P.R.A. § 5298(2). The equivalent statute of limitations in the Virgin Islands is two years. In none of the Puerto Rican precedents, therefore, was the precise issue here before the Puerto Rican courts—

---

[1] Moreno v. Penzol, 73 P.R.R, 12 (1952).

[2] Marrero Morales v. Bull Steamship Company, 279 F.2d 299 (1st Cir. 1962); Guerrido v. Alcoa Steamship Co., 234 F.2d 349 (1st Cir. 1956); Flores v. A.H. Bull Steamship Co., 167 F.Supp. 841 (D.P.R. 1958).

whether the one year limitation in the compensation statute can compress the period for filing ordinary personal injury suits.

In the precedent specifically relied on by the majority, Moreno v. Penzol, 73 P.R.R. 12(1952), a tort claim had been filed more than one year after both the injury and the final decision of the Manager of the State Insurance Fund. The issue before the court was whether the Manager's decision could be considered final when it had subsequently been appealed to the Industrial Commission. The appellant argued that filing of suit within one year of the appellate body's decision was sufficient. The court disagreed. The issue in Moreno was therefore quite different from the issue in the case sub judice. In such circumstances, the Moreno precedent, although arguably persuasive in its dicta, is by no means compelling.

Although dealing with a quite different factual context, the Eighth Circuit, in United States ex rel. Demarois v. Farrell, 87 F.2d 957, 962–63 (8th Cir. 1937), spoke in general terms of the use of precedents in jurisdictions from which statutes had been borrowed:

When a statute is adopted from one jurisdiction into the jurisprudence of another, it will be construed so as to harmonize it with its new environment in preference to a rigid adherence to the interpretation given it in its original home; especially is this true when the construction given it in its original home would render it inconsistent with the system into which it has been adopted.

The issue in the present case involves just such a problem of harmonizing § 263 with the two year limitation of § 31, a problem never faced in Puerto Rico because of its general one year limitation on tort actions. As it is possible to harmonize the language of § 263 with that of § 31 in a consistent, rational configuration, and in the absence of a clear in-

tention to the contrary, I would do so.[3] Since Joseph Berkeley did file his cause of action within the general two year statute of limitations, I do not believe it should have been dismissed.

---

[3] I find no inconsistency between the statutory principles I have used in interpreting § 263 and the general Virgin Island principle that when it adopts a statute from a different jurisdiction, it is presumed to have also adopted the judicial interpretations which the other jurisdiction had placed on the statute prior to the Virgin Islands' adoption. Paiewonsky v. Paiewonsky, 446 F.2d 178, 181, 8 V.I. 421 (3d Cir. 1971), et al., as cited by the majority. That presumption is inapplicable in cases such as the present one when the issue is not one merely of interpreting the borrowed statute, but the reconciliation of that statute with other local statutes which create distinctly different problems in the two jurisdictions.