**WILLIAM NICKEO, Plaintiff**
**v.**
**ATLANTIC TELE-NETWORK CO.; ANDREW GEORGE;**
**and DELBERT HEWITT, Defendants**

Civil No. 748/1997

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

January 14, 2003

SUSAN BRUCH-MOOREHEAD, ESQ., Grunert Stout & Bruch, St. Thomas, U.S. Virgin Islands, *Attorney for Plaintiff*

R. ERIC MOORE, ESQ., Law Office of R. Eric Moore, St. Croix, U.S. Virgin Islands, *Attorney for Defendants*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(January 14, 2003)

This matter came before the Court on a motion for summary judgment filed by defendants Andrew George ("George") and Delbert Hewitt ("Hewitt"). These defendants contend that the exclusive remedy provision of the Workers' Compensation statute set forth at V.I. CODE

ANN., tit. 24, § 284, bars the plaintiff from prosecuting this negligence action against them. The plaintiff, William Nickeo, ("Nickeo") filed an opposition to the motion for summary judgment, arguing that the defendants were "third persons" identified at V.I. CODE ANN., tit. 24, § 263, and are therefore subject to suit. The defendants replied to plaintiff's opposition. For reasons that follow, this Court will grant the individual defendants' motion for summary judgment.

## I. FACTS

The plaintiff, William Nickeo, was employed by the Virgin Islands Telephone Company. ("Vitelco"), now Innovative. His direct supervisor was Andrew George. On September 21, 1995, Nickeo and three other employees were assigned to secure downed cable lines. The plaintiff informed his supervisor George that a minimum of "five or six" workers were needed to perform the job safely. George, after consulting with his supervisor Hewitt, refused to assign any additional workers to the job because of personnel and budgetary constraints.

While Nickeo and the three employees were attempting to secure cable lines on a road in the Frenchman's Bay area of St. Thomas, Virgin Islands, a passing car drove over a line. As a result, the cable line snapped, ricocheted and struck Nickeo on both knees. The force was of such a magnitude that it threwe the plaintiff to the ground and dragged him across the road, inflicting severe suffering and disabling injuries. The plaintiff contends that the two individual defendants were grossly negligent and reckless in that *they did not provide adequate personnel or safety equipment* to prevent cars from passing over the cable.

In addition to filing this suit, the plaintiff filed a workers' compensation claim against his employer Vitelco, for which he received an award.

## II. STANDARD FOR SUMMARY JUDGMENT

In considering a motion for summary judgment, the Court is governed by FED. R. CIV. P. 56, as applied to the Territorial Court, pursuant to TERR. CT. R. 7. Under FED. R. CIV. P. 56(c), the party who moves for summary judgment, has the burden of demonstrating there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial responsibility of informing the Court of the basis of its motion and

identifying that which it believes demonstrates the absence of genuine issues of material fact. *Celotex v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The burden then shifts to the party opposing the motion to establish specific facts that show that there does exist a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). For the purposes of a motion for summary judgment, a dispute is genuine if the evidence is such that a jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In deciding whether there is a disputed issue of material fact, the Court must grant all reasonable inferences from the evidence in favor of the non-moving party. *See, In Re: Tutu Wells Contamination Litigation*, 78 F. Supp. 2d 456, 42 V.I. 278, 284 (D.V.I. 1999).

### III. ANALYSIS

In order to resolve the pending motion for summary judgment, the Court must address the following issues: 1) whether the exclusive remedy provision of the V.I. Workers' Compensation statute automatically immunizes supervisory employers from suit by co-workers injured on the job; (2) whether the individual supervisory defendants were acting within the scope of their employment as supervisors when they declined to assign additional personnel to the job site; and (3) if the supervisors are not immunized from civil suit by the Workers' Compensation statute, whether the supervisory defendants owed a duty to provide safe working conditions to the plaintiff.

### A. The Exclusive Remedy Provision Within the Workers' Compensation Statute Does Not Automatically Immunize Supervisory Employees From Suit by Injured Co-Employees.

The Court must initially examine whether the plaintiff is barred from pursuing this cause against the individual supervisory defendants by virtue of the prohibition in the Workers' Compensation Statute set forth at 24 V.I.C. § 284. That section provides in pertinent part that "An injured employee may sue any person responsible for his injuries *other than the employer named in a certificate of insurance issued* [under the Workers' Compensation statute]." (Emphasis added). Additionally, 24 V.I.C. § 263 provides that "third persons" (people other than the injured

employee and the employer) are amenable to suit by an injured employee, if those persons are responsible for the injury.[1]

The defendants argue that: (1) when they act on behalf of Vitelco in making safety decisions, they should be considered the "employer" under the above sections; (2) corporations can only act through natural persons, thus the acts of supervisors should be considered acts of the corporation; and (3) the trend in most jurisdictions is to extend employer immunity to co-employees under the respective Workers' Compensation schemes. *See*, 6 ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 72.11, note 23 (1998). Specifically cited by defendants are the decisions under the Puerto Rico's Workers' Compensation statute, the statute upon which the Virgin Islands originally patterned its statute. *See*, *Ayala v. Marshall*, 6 V.I. 615 (Mun. Ct. St. C. 1968).

The Puerto Rico Worker's Compensation statute, makes employers immune from suit by injured employees, but allows injured employees to sue any third party responsible for their injuries. *See*, P.R. Laws Ann. tit. 11, § 32. The pertinent language of that statute is virtually the same as in 24 V.I.C. § 263. Ergo, the provisions of our statute is to be construed to mean what the highest Court of Puerto Rico, prior to our enactment, construed the statute to mean. *Berkeley v. West Indies Enterprises, Inc.*, 10 V.I. 619, 480 F.2d, 1088 (3d Cir. 1973). The Supreme Court of Puerto Rico in *Revera-Santana v. Superior Packaging, Inc.*, 132 D.P.R. 115 (1992), distinguished the holding of a prior case[2] and held that supervisory co-employees have the immunity of an employer under the Workers' Compensation statute when they are performing *non-delegable duties* of the employer. *See*, *Revera-Santana*, Official Translation at 24.[3] While the decision in *Revera-Santana* is persuasive authority, it is not

---

[1] Title 24 V.I.C. § 263 states in pertinent part:

> In cases where the injury, the occupational disease or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been cause under circumstances making third persons *responsible for such injury*, disease or death, the injured workman or employee or his beneficiaries *may claim and recover damages from the third person responsible for said injury*, disease, or death within two years following the date of the injury. [Emphasis added].

[2] *Lopez-Rodriguez v. Delama*, 102 D.P.R. 254 (1974).

[3] The Supreme Court of Puerto Rico rendered this decision in Spanish. The defendants supplied the official English translation of that decision to the Court.

necessarily binding on the Court because the interpretation by the Supreme Court of Puerto Rico was rendered *after* the Virgin Islands adopted the statute. Only judicial interpretations rendered *before* the statute is adopted as absolutely *binding*. *See Berkeley, supra.*

The plaintiff, on the other hand, relies on *Anthony v. Lettsome*, 22 V.I. 328 (D.V.I. 1986), which held that injured employees could sue co-employees for negligent driving of a vehicle. In that case, the plaintiff fell from the back of a truck, while at work, allegedly due to the negligence of the driver, a co-employee of the plaintiff. The Court in *Anthony* relied almost entirely[4] on the reasoning in *Lopez-Rodriguez v. Delama*, 102 D.P.R. 254 (P.R. 1974) and concluded, "[I]n light of the *Lopez* case, which we deem persuasive, it is our view that the plaintiff in the instant action has a viable cause of action against defendant Lettsome as a 'third person,' notwithstanding his status as a fellow employee." *Anthony* at 330. Reliance on *Lopez*, while deemed by the District Court as being persuasive, was also not absolutely binding because the *Lopez* decision was also rendered *after* our statute was adopted from the Puerto Rico statute and enacted.

Although not supplied with an English translation of the *Lopez* case and unable to obtain an English translation through internet-based legal research sources, this Court was supplied with a copy of the Official translation of *Revera-Santana v. Superior Packaging, Inc., supra.* In that case, the Supreme Court of Puerto Rico quoted the *Lopez* decision extensively and examined its analysis.

In *Lopez*, an employee plaintiff was allegedly injured by the negligent driving of a co-employee. *Revera*, at 16 (stating facts in *Lopez*). It appears that the plaintiff instituted the suit to recover from the defendant's insurance carrier. The defendant argued that because he was a co-employee of the plaintiff, he enjoyed the immunity of the plaintiff's employer. The court in *Lopez* held that the *defendants did not enjoy the immunity* because the defendants were acting as "third persons" under the Puerto Rico workers' compensation statutes.[5]

The Supreme Court of Puerto Rico distinguished the facts in *Revera* from those in *Lopez*. In *Lopez*, the plaintiff alleged that the defendant

---

[4] The *Anthony* Court also pointed to some unexplained *obiter dictum* in *Dallman v. Foster House, Inc.*, 1978 St. Croix Supp. 183 (March 15, 1987).

[5] *Compare* 11 L.P.R.A. § 32 *with* 24 V.I.C. § 263.

was driving negligently, and this negligence was the proximate cause of the plaintiff's injuries. The Puerto Rican high court emphasized that all drivers on the public streets have a pre-existing duty to drive with the prudence of a reasonable person. *Revera* at 18-19, *citing* 31 L.P.R.A. § 5141. This duty is *independent* of any employee-employer relationship. The court held that one's status as a co-employee does not eviscerate this duty, and thus, a common-law tort action can be prosecuted against the alleged tortfeasor. Additionally, the Court ruled that because prudent driving was a legal duty drivers have to the public, it was unrelated to his duties as an employee. *See, id.* at 19. The court then contrasted those facts in *Lopez* with the facts in *Revera* where the plaintiff alleged that particular officials of the defendant corporation were negligent in *implementing safety measures* and that negligence was the proximate cause of plaintiff's injuries. The provision of such safety measures were not a legal duty to the public, but rather a non-delegable duty an employer has to its employee(s). Consequently, the Supreme Court of Puerto Rico concluded that agents acting on the behalf of the employer should be considered the "employer" for purposes of immunity from civil suit under the workers' compensation regime. The Court in *Revera* specifically held:

> "Within the corporate scheme, the employer fulfills his duty to provide a safe workplace through his agents, employees or corporate officers. Thus, an injured worker will always find an officer involved in the making of employee-safety decisions, or a supervisor in charge of implementing the company's safety standards ... While an employee or officer is discharging the general responsibilities of his position, any breach of said obligation is *exclusively* chargeable to the employer." [Emphasis add].

*Id.* at 22. Because any breach of the non-delegable duty to provide a safe work place is exclusively chargeable to the employer, employees acting for the employer would be considered the "employer" for purposes of tort immunity.

This Court agrees with the analysis of Supreme Court of Puerto Rico and will therefore utilize its reasoning in the case *sub judice*. Accordingly, defendants George and Hewitt were not individually liable even though they may have been negligent in failing to provide adequate safety measures and/or adequate personnel, which resulted in plaintiff's

155

injuries, because defendants George and Hewitt were acting on behalf of the employer when they made the decisions not to assign more workers.[6]

The present case can be distinguished from *Anthony* in the same way that *Revera is* distinguished from *Lopez*. In *Anthony*, the plaintiff was suing for injuries allegedly due to a co-employee's negligent driving. *See Anthony*, at 328. Like Puerto Rico, the Virgin Islands imposes a public duty of care upon drivers to operate a vehicle in a non-negligent manner. *See*, V.I. CODE ANN. tit. 20, § 503. Thus, the defendant in *Anthony* had a duty to the people of the Virgin Islands, (including the plaintiff in that case), notwithstanding his status as a co-employee. In the present case, defendants George and Hewitt owed no personal or individual duty of care, beyond the duty owed from the employer to the employee to provide a safe workplace.

The plaintiff has also directed the Court's attention to *Stokes v. George*, Civil No. 270-1998 (Terr. Ct. St. C. 1998). In that case, the plaintiff was allegedly electrocuted when, without notice, an electrical transformer was started up. The Court in that case denied a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). It did so because it found that working with a transformer was "ultra-dangerous." The Court stated, "There exists a common law duty of care in handling dangerous materials. Breach of that duty is deemed an affirmative act constituting that 'something extra' needed to transcend the employer's non-delegable duty." *Id.* The Court allowed the suit to proceed because the defendants had a duty of care that transcended the employer-employee relationship. The *Stokes* Court also cited *Anthony*, for the proposition that the terms "employer" and "employee" are distinct concepts. Conspicuously absent from the workers' compensation statute is a definition of "employer" or "third parties." *See, id.* The terms employer within the context of the workmen's compensation statute, leads to the inescapable conclusion that there exists a distinct difference between an employer and employee." This distinction is blurred when viewed in light of a corporate employer. Title 24 V.I.C. § 256 provides that "the employer shall complete an employer's report of injury and forward same ... to the Administrator ..." Corporations however cannot fill out forms. Only natural persons can fill out forms. In fact, only *employees* of a

---

[6] The fact that the plaintiff alleges gross negligence and even recklessness does not alter the holding in this case.

corporation can fill out a form for a corporation. Thus, it is fair to say that a supervisory *employee* is acting as the *employer* when filling out an "employer's report." Likewise, a corporation cannot literally act negligently—only employees of a corporation can be negligent.

As of 1998, only four (4) states[7] allow suits against co-employees. *See Gunnett v. Birardier Building and Realty Co.*, 70 S.W.3d 632, n. 6 (Mo. Ct. App. 2002) (citing 6A ARTHUR LARSON, WORKERS' COMPENSATION LAW, § 72.11 (1998)). As we shall see, *infra*, even those states severely restrict suits against co-employees and would not allow the plaintiff in this case to maintain a claim.

Strong policy reasons exists for excluding co-employees from liability for work-related negligence. In *Revera*, the court stated, "To hold corporate officers liable for work-related accidents resulting from unsafe working conditions would have the unwanted effect of discouraging competent personnel from assuming such positions and would, in our opinion, compel employers to extend separate insurance coverage to their corporate officers or employees." *Revera* at 23. This statement indicates two compelling reasons for including a co-employee within the umbrella of protection under the workers' compensation scheme.

In further expounding upon those two compelling reasons, it is first contended that exposing workers to liability for negligent safety decisions would discourage rational workers from taking employment that involves making safety decisions. Although the Puerto Rico Supreme Court stated that corporate officers would be discouraged, this rational applies to all co-employees. This Court notes that employers often call upon employees to make safety decisions that affect the well being of literally hundreds of co-employees and involve the use of extremely dangerous things such as blasting caps, caustic chemicals,[8] etc. If an employee who makes safety decisions were personally liable to co-employees for such decisions, the liability could be potentially enormous. Rational employees would pause before subjecting themselves to such massive personal liability.

Secondly, in order to hire competent safety decision makers, an employer would have to buy personal liability insurance for that

---

[7] Arkansas, Missouri, Maryland, and Vermont.

[8] *See, e.g., Amerada Hess Corp. v. Zurich Ins. Co.*, 51 F. Supp. 2d 642 (D.C.V.I. 1999) (involving litigation stemming from caustic chemical spill).

employee. In effect, employers would have to purchase two policies for its employees: one policy for the employer itself under the workers' compensation scheme, and one policy to personally indemnify its employees for safety decisions they make on the employer's behalf.

This latter precaution would effectively defeat the "compromise" created by the workers' compensation scheme. Before statutory workers' compensation schemes came into place in America, workers had an extremely hard time recovering any money against employers for industrial accidents. *See Gunnett*, 70 S.W.3d at 635 (Mo. Ct. App. 2002) ("[I]t has been estimated that between 70 and 94 percent of injured workers who sought to recover for their physical injuries received nothing, leaving the burden of the injury upon the injured worker."). Accordingly, state legislatures struck a "bargain". Injured employees received swift compensation for industrial accidents without the necessity of determining the employer's fault. In exchange, the amount of compensation that an employer pays to the injured worker is less than that which would be available under a common-law tort action. *See Gunnett*, 70 S.W.3d at 636. Employers would not get the benefit of the legislative 'bargain' if they were compelled to pay to insure themselves under workers' compensation and their employees for common-law suits. Moreover, if this Court were to hold co-employees personally liable for negligent safety decisions, there would likely be a torrent of common-law suits accompanying all workers' compensation claims. Corporations such as Vitelco, now Innovative, only act through human agents and thus can only implement safety measures by and through those human agents. "[A]n injured worker will always find an officer involved in the making of employee-safety decisions, or a supervisor in charge of implementing the company's safety standards." *Revera* at 22.

Separate and apart from the above mentioned reasons, it appears that if the supervisory employees are construed to be third parties and amenable to liability and subject to suit, they may be procedurally entitled to implead the employer pursuant to FED. R. CIV. P. 14. Should such occur, the entire policy considerations that created the Workers' Compensation statute(s) would be undermined and destroyed.

■ Accordingly, co-employees may, under certain circumstances, be considered third persons under 24 V.I.C. § 263. However, this Court holds that when an employee, acting within the scope of employment and possessing no further independent duty of care, negligently injures a co-

employee, the negligent employee, acting on behalf of the employer *is not* liable under the law of negligence or agency theories. To hold otherwise would place the Virgin Islands firmly in the backwaters of American law and buck the overwhelming national trend.

## B. The Individual Defendants Were Acting Within the Scope of Their Employment as Supervisors When They Declined To Assign Additional Personnel to the Job Site.

■ When all reasonable inferences from the evidence is viewed in the light most favorable to the plaintiff, (non moving party), there is no genuine issue of material fact as to whether defendants George or Hewitt were acting within the scope of their employment as supervisors at Vitelco. The plaintiff never alleges otherwise. RESTATEMENT (SECOND) OF AGENCY § 228 (1957)[9] states as follows:

> (1) Conduct of a servant is within the scope of employment if, but only if:

> (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

> \* \* \*

> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Undeniably, the function of a supervisor includes decisions regarding how many workers are necessary to perform a job safely. The plaintiff alleges that the defendants assigned fewer workers than necessary due to a "shortage of personnel and budget constraints." Any safety decision that may have been made by these individual defendants was made for the benefit of, and on behalf of, Vitelco. There is no allegation that any

---

[9] The laws of the Virgin Islands includes the "rules of the common law, as expressed in the restatements of the law approved by the American Law Institute" except to the extent it enacts local statutes which vary those common-law rules. *See* 1 V.I.C. § 4.

159

decision-making by the individual defendants was outside of the appropriate time, place or scope of their employment. Moreover, the plaintiff contends that Vitelco's parent corporation, Atlantic Tele-Network Co. (ATN) is "fully responsible and liable for the acts and omissions alleged herein of the individual Defendant agents for its subsidiary, VITELCO." Accordingly, the individual defendants were undeniably acting within the scope of their employment if the parent of and/or their employer is fully responsible and liable for their acts. *See generally, Williams v. Rene,* 886 F. Supp. 1214 (D.V.I. 1995) (discussing the doctrine of *respondeat superior*).

## C. Supervisors Do Not Owe a Personal Duty to Provide Safe Work Conditions to Other Employees and Therefore Are Not Amenable to a Common-Law Negligence Suit on that Basis.

■ Even though agents of an employer are not given *carte blanche* immunity for acts done on behalf of the employer, the Court would still need to examine whether the plaintiff states a claim for negligence upon which relief can be granted. The elements of negligence are: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *See, Gass v. Virgin Islands Telephone Corp.,* 149 F. Supp. 2d 205 (D.V.I. 2001). Accordingly, the plaintiff must establish that defendants George and Hewitt personally owed him a duty of care to provided safe work conditions.

■ An employer has a *non-delegable duty* to provide reasonably safe working conditions to its employees. *See,* RESTATEMENT (SECOND) OF AGENCY § 492 cmt. a (1957) (Non-Delegable Duties of Master— General Rule) and RESTATEMENT (SECOND) OF AGENCY § 505 (1957) (Number and Quality of Servants). The term "non-delegable duty" refers to the fact that *the employer is subject to liability* for not providing reasonably safe working conditions, *even if other agents of the employer create the danger. See,* RESTATEMENT (SECOND) OF AGENCY, Ch. 14, topic 4, tit. C (Introductory Notes). In the present case, any safety decision that the defendants may have made were necessarily on the behalf of the plaintiff's employer, Vitelco. The *duty* to provide safe working conditions remained with the employer, Vitelco. Eminent tort law commentator William Prosser articulates this common-law duty:

160

"[Employers are liable for the negligence of] any servant, of whatever rank, who was charged by the master with the performance of his *common law duties toward* the plaintiff, *such as the maintenance of a safe place to work, or safe appliances,* the employment of competent workmen, or the giving of warnings or instruction. *These duties were said to be non-delegable, in that sense that the employer could not escape responsibility for them by entrusting them to another,* whether he be a servant or an independent contractor." (Emphasis Provided).

WILLIAM J. PROSSER, THE LAW OF TORTS, pp. 529-530 (4th ed. 1971) (citations omitted).

While it is clear that the employer owes a duty of care, the issue is whether the individual supervisory *defendants* owed a duty of care to ensure safe working conditions for the plaintiff. As stated *infra* III A n. 7, only four (4) states allow third-party suits by injured employees against supervisors under their Workers' Compensation statutes. Courts in those states have addressed the issue of whether employees may be held liable for negligently performing a duty that the employer owes to his employees. Even the rulings from those cases are instructive in resolving the issue in the case *sub judice.*[10]

In *Laffin v. Chemical Supply Co.,* 77 Wis. 2d 353, 253 N.W. 2d 51 (1977), the Supreme Court of Wisconsin held that supervisors cannot be held liable when merely carrying out the duty of an employer to furnish safe working conditions. Although the holding in that case was superceded by statute, the reasoning is valid and persuasive.[11] In *Laffin,* the plaintiff was injured in an accident involving a spill from an acid storage tank. He sued the company president and plant manager for negligence. Wisconsin's Workers' Compensation statute protected only the employer from suit and did not protect co-employees. Accordingly,

---

[10] The plaintiff cites to RESTATEMENT (SECOND) OF AGENCY § 354 for the proposition that an agent is liable when acting negligently in the performance of his duty to the principal. The Court finds that this is not applicable because that section does not address *non-delegable* duties and does not address the duty owed to a co-employee.

[11] The Wisconsin Legislature subsequently barred common-law actions against co-employees, thus conforming to the national trend. *See,* WIS. STAT. § 102.03(2) (extending exclusive remedy provision to cover co-employees).

co-employees were amenable to suit. *Id.* at 357, 253 N.W. 2d at 53. However, the *Laffin* court held, "When an officer or supervisor fails to perform the employer's duty [to provide safe working conditions], the failure is that of the employer, not the officer or the supervisor." *Id.* at 358, 253 N.W. 2d at 53. It so held because, "[t]he duty of the officer to supervise an employee is the duty owed to the employer, not to a fellow employee." *Id.* at 359, 253 N.W. 2d at 53. Because co-employees have no duty to provide a safe work place for their subordinate co-employees, they cannot be liable for negligence. On the other hand, co-employees can be liable to another co-employee if there is "an affirmative act that went beyond the non-delegable duty of the employer to furnish a safe place of employment." *Id.* at 361, 253 N.W. 2d at 54.

Several other state courts agree with this view and have adopted the 'Wisconsin Approach.'[12] *See, e.g., Gunnett, supra; Athas v. Hill,* 300 Md. 133, 148, 476 A.2d 710, 718 (Md. 1983) ("Therefore, a supervisory co-employee who performs the nondelegable duty of the employer does not thereby assume a personal duty toward his fellow employees."); *Tyler v. Fuller,* 132 N.H. 690, 698, 569 A.2d 764, 769 (N.H. 1990) ("If such duties [to provide safe working conditions] are performed negligently, *the supervisory employee has breached a duty owed to the employer and not to the employee.*")[13] The Court is also mindful of the public policy concerns associated with exposing co-employees to personal liability for unsafe work conditions. *See, supra.* Although some of these decisions involve only supervisory employees, the logical force of these opinions would not be diminished in the case of a non-supervisory co-employee.

---

[12] An Ohio court has held that corporate officers remain liable for negligently carrying out the non-delegable duties of an employer. *See, e.g., Schaefer v. D & J Produce, Inc.,* 62 Ohio App. 2d 53, 403 N.E. 2d 1015 (6th Dist. 1978). That case dealt with corporate officer's liability to members of the public injured by the defendant corporation's driver. The court in that case held that, even if the corporation had a non-delegable duty to members of the public to properly maintain company trucks, the corporate officers also had a personal duty to the public in that regard. *That case involved the duty the employer owes to the public and not to its employees.*

[13] This case was abrogated by N.H. REV. STAT. ANN. § 281-A:8 (Supp. 1991). By enacting this statute, New Hampshire joined the vast majority of jurisdictions that provide a bar to suing co-employees under the Workers' Compensation scheme. *See, Thompson v. Forest,* 136 N.H. 215, 614 A.2d 1064 (1992).

■ *A fortiori*, this Court finds that defendants George and Hewitt owed no personal or individual duty to provide safe working conditions to plaintiff. Any safety decision that may have been made was on behalf of the plaintiff's employer. It is that employer that has the non-delegable duty to provide safe conditions. Because the supervisory defendants had no *personal* duty to furnish proper work conditions, the plaintiff fails to state a claim for negligence upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

## VI. CONCLUSION

When an employee acts for and/or on behalf of the employer to carry out the duty of the employer to provide safe working conditions, that employee shall be considered the "employer" for purposes of the workers' compensation statute because providing safe working conditions is a non delegable duty owed by the employer. Thus, liability for negligent safety measures is chargeable exclusively to the employer and thus may not be shifted to an employee, acting in the role of safety decision-maker. Hence, defendants George and Hewitt are protected by the immunity set out in 24 V.I.C. § 284. Additionally, to sue in negligence, a plaintiff must establish that the individual defendants had a duty of care to the plaintiff. Again, the non-delegable duty of care to provide safe working conditions is owed *by the employer, not the supervisor*. Accordingly, the plaintiff cannot satisfy the "duty" element of a negligence claim as against the individual defendants. Because the supervisory defendants here owed no duty to provide safe working conditions to the plaintiff, the defendants George and Hewitt's Motion for Summary Judgment and to dismiss the complaint as against them must be granted.