# FLOYD ANTHONY, Plaintiff

## v.

## AARON LETTSOME, Defendant

Civil No. 342/1983

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 30, 1986

DENISE REOVAN, ESQ. (LAW OFFICES OF DESMOND MAYNARD), St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ. (LAW OFFICES OF R. ERIC MOORE), St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court is the motion of the defendant Aaron Lettsome for summary judgment. As there are no material issues of fact, this matter is ripe for disposition.

The uncontroverted facts reveal that plaintiff and defendant were employees of A. H. Riise Liquors, Inc., at the time of the alleged incident giving rise to this action. Plaintiff, in the course of his employment, was riding in the back of a truck being operated by defendant on behalf of their common employer. Plaintiff claims that he fell from the vehicle and suffered injuries because of the manner in which defendant was operating the vehicle. The defendant admits in his responsive pleading that he was acting within the scope of his employment, agency and authority at the time of the incident giving rise to this action. Defendant seeks summary judgment on the ground that he is exonerated as workmen's compensation is the only remedy available to plaintiff

against his employer, in whose shoes defendant claims to stand, pursuant to 24 V.I.C. § 284 which provides in pertinent part:

> When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer. . . .

24 V.I.C. § 284 (1970).[1]

In opposition to the motion for summary judgment plaintiff contends that § 284 inures to the benefit of the employer and his injured employee only. This defendant, argues plaintiff, can gain no comfort from § 284 as he is a "third person" within the meaning of 24 V.I.C. § 263. In part, here pertinent, that section provides:

> In cases where the injury . . . entitling the . . . employee . . . to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury . . . the injured . . . employee . . . may claim and recover damages from the third person responsible for said injury . . . .

24 V.I.C. § 263 (1970).

The Virgin Islands Workmen's Compensation law is a codification of the Kean Workmen's Compensation Act which was enacted by an Ordinance of the Municipal Council of St. Thomas 1954. That Ordinance was taken directly, though in somewhat abbreviated form, from the Workmen's Accident Compensation Act of Puerto Rico, Title 11 of the Laws of Puerto Rico Annotated. The portion of 24 V.I.C. § 263 with which we are concerned is identical in language to that of 11 L.P.R.A. § 32 of the Puerto Rico Act. Berkeley v. West Indies Enterprises, Inc., 10 V.I. 619, 625 (D.V.I. 1973).

Nowhere in the Workmen's Compensation Act of the Virgin Islands or Puerto Rico is the term "third person" defined. That the term "third person" may include a co-employee is alluded to in Dallman v. Foster House, Inc., 1978 St. Croix Supp. 183 (March 15, 1978). In Dallman plaintiff brought suit for damages against the corporate employer as well as Evans and Coletti, two financially interested employee-managers of the employer, for injuries suffered by the plaintiff when she allegedly slipped and fell on stairs while employed as a bartender. The Court dismissed the action against

---

[1] Plaintiff applied for and received workmen's compensation benefits in the amount of forty dollars ($40.00).

the employer who was covered under workmen's compensation and, in so doing, stated without discussion that the plaintiff might still have a viable cause of action against Evans and Coletti in their third person capacity as co-employees. Dallman, 1978 St. Croix Supp. at 185.

Additionally, a case from the Commonwealth of Puerto Rico has intimated that in the absence of a legislative expression with regard to the meaning of "third person," the term is given its "usual meaning assuming that it includes every person aside from the injured employee and his insured employer." Lopez Rodriguez v. Delama, 102 D.P.R. 254 (D.P.R. 1974). That expression of the Puerto Rican Court is in total harmony with Title 1 V.I.C. § 42, which in pertinent part provides:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language . . . .

The facts in Lopez indicate that both parties worked in a bar operated by the insured employer. Defendant Delama who was treasurer and shareholder of the employer corporation co-administered the business. Every night at the initiative of the employer, when the business was closed, the defendant drove the plaintiff to her home in his automobile. On the night in question, plaintiff was injured as a result of an accident when defendant lost control of his automobile, colliding against other parked vehicles.

Consequently, the court was called upon to determine whether the immunity granted by the Workmen's Accident Compensation Act should be extended to officers, managers or co-workers of the insured employer and to the companies which insured them. The Court looked to 11 L.P.R.A. § 32 and found that it does not. In its discussion the Lopez court explained that:

> [T]here is no justification in extending the immunity granted by law to . . . other employees of the insured employer who do not contribute personally to defray the expenses of the Fund when they have incurred negligence and have caused damages to other employees.

Lopez, 102 D.P.R. 254 (D.P.R. 1974).

In light of the Lopez case, which we deem persuasive, it is our view that the plaintiff in the instant action has a viable cause of action against defendant Lettsome as a "third person," notwithstanding his status as a fellow employee.

## ORDER

The premises considered, therefore, and the Court being fully advised,

IT IS ORDERED that the motion of the defendant Aaron Lettsome for summary judgment be, and the same is, hereby DENIED.