**Orlando TAVAREZ, Appellant,**

**v.**

**Allan KLINGENSMITH, Appellee.**

**Nos. CIV.A.1999/212, 409/1996.**

District Court, Virgin Islands,
Appellate Division,
D. St. Croix.

June 5, 2003.

Joel H. Holt, St. Croix, VI, for Appellant.

Gabriel Villegas, Grunert Stout & Bruch, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and BRENDA J. HOLLAR, Judge of the Territorial Court, Sitting by Designation.

### MEMORANDUM OPINION

PER CURIAM.

This appeal stems from the trial court's grant of summary judgment, based on its conclusion that the employer's supervi-

sor/co-worker was not amenable to a private suit in tort. The question presented on appeal is whether an employer's statutory tort immunity under the Virgin Islands Workmen's Compensation Act ("WCA") extends to employees for acts done within the scope of their employment which result in injury to a co-worker. Stated differently, this issue requires this Court to determine whether a co-worker is a "third person" within the statute, who may be subject to personal tort liability.

Because the WCA does not alter individuals' legal duties established by common law, a co-employee may face tort liability as a "third person" under limited instances, where he is shown to have breached an independent duty of care. However, because the challenged conduct here fell within those duties which the law reserves solely to an employer, responsibility for its breach cannot be imputed to the co-employee in this instance. The trial court's decision will, therefore, be affirmed.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

There is little dispute on the facts surrounding the instant claim. On March 21, 1995, the appellant was injured when he struck a tree with the truck he drove as part of his employment with V.I. Cement. The appellant, Orlando Tavarez ("Tavarez", "Appellant") claims the collision occurred after one of the truck's tires blew out, causing the truck to spin out of control. [Joint Appendix ("J.A.") at 202–04]. Tavarez contends the tire was in an unsafe condition, resulting from lack of maintenance. He further alleges that, as a supervisor charged with the responsibility to ensure the company's trucks were properly maintained, Allan Klingensmith ("Klingensmith", "Appellee") was negligent in failing to ensure the eroded tire was changed, despite repeatedly being made

aware of its unsafe condition. [J.A. at 197–200, 211–16]. Tavarez noted that he, too, was aware of the defective tire and had previously complained to Klingensmith, as well as others, on numerous occasions. *Id.* As basis for his claim of negligence, Tavarez said that Klingensmith, as the supervisor, was the only one who could order that the tires be changed and failed to do so. [*Id.* at 200]. At trial, Klingensmith, who was then the construction division manager of V.I. Cement, acknowledged he was aware of Tavarez's prior complaints about the tire but did not give maintenance workers permission to change that tire, after inspecting the tire and concluding it was safe. [J.A. at 132–33, 138–41].

Following the accident, appellant received benefits from his employer, pursuant to the Virgin Islands Workmen's Compensation Act ("WCA", "the Act"), title 24, section 250, *et seq.* of the Virgin Islands Code. Tavarez subsequently filed a tort action against Klingensmith, arguing appellee was negligent in failing to have the tires changed and that such failure was the proximate cause of the incident and his resulting injuries. [J.A. at 16–17]. Klingensmith filed a motion for summary judgment, which was initially denied. In denying that motion for summary judgment, the court, relying on *Stokes v. George,* Civ. No. 270/1998 (Terr.Ct. Sept. 4, 1998), determined the supervisor was amenable to personal suit under the WCA:

> Defendant's act permitting and/or requiring Plaintiff to drive a vehicle which Defendant knew (by virtue of Plaintiff's repeated warnings) had a defective wheel, constitutes breach of a duty of ordinary care to a co-worker or to any person, separate from his employer's non-delegable duty to provide a safe workplace.

[J.A. at 14]. The case then proceeded to trial. At the close of the plaintiff's case, Klingensmith moved for dismissal pursuant to Rule 50 of the Federal Rules of Civil Procedure and, alternatively, renewed his prior motion for summary judgment. [J.A. at 240–253]. The Rule 50 motion was denied, the trial court having determined there was sufficient evidence from which a jury could determine the issue of negligence. [J.A. at 255–56]. However, the trial court granted Klingensmith's renewed motion for summary judgment. As basis for that ruling, the trial court noted that, having revisited the issue in the context of the evidence presented in the initial stages of trial, it became evident that an independent claim against the supervisor was improper. The court reasoned that, because all of the challenged actions occurred solely within Klingensmith's scope of authority with V.I. Cement, and because the only duty alleged to have been breached was that owed solely by the employer, no personal liability could attach. [J.A. at 293–94]. Most notably, the court held that the employer's statutory immunity under the WCA was imputed to Klingensmith for acts done in carrying out his employer's duties, barring this tort action. [*Id.*] There being no breach of an independent duty, the court determined there existed no independent basis for suit against Klingensmith and granted summary judgment. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

The order of dismissal appealed from was entered on December 2,1999, and a timely notice of appeal was filed on December 8, 1999. This Court has jurisdiction to consider this civil appeal pursuant to title 4, section 33 of the Virgin Islands Code.

At the outset, there appears to be some confusion regarding the nature of the oral order appealed from in this case. This confusion stems from the trial court's characterization of the motion alternatingly as one for judgment as a matter of law and renewed motion for summary judgment. [J.A. at 287–301]. However, the court clearly denied the motion for judgment as a matter of law, after determining there was sufficient evidence to go to the jury on the issue of negligence, before entertaining the appellee's renewed motion for summary judgment. Therefore, notwithstanding the reference to the Rule 50 motion in the court's order sentence, this Court will review the lower court's order as one granting summary judgment. Hence, the applicable standard requires this Court to afford plenary review, applying the same standard the lower court should have applied in the first instance. *See, Joseph v. HOVIC,* 867 F.2d 179, 181–82 (3d Cir.1989) (citations omitted). This standard requires the Court to determine whether the evidence, viewed in the light most favorable to the non-movant, shows there are genuine issues of material fact in dispute which would permit a reasonable jury to find for the non-moving party. *See,* FED. R. CIV. P. 56(c); *see, also, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see, also, Guardian Ins. Co. v. Bain Hogg Intern. Ltd.,* 52 F.Supp.2d 536, 540 (D.V.I. 1999). Moreover, the court's interpretation of statutes is subject to plenary review, although its factual determinations are reviewed for clear error. *See,* VIRGIN ISLANDS CODE ANN. tit. 4, § 33.

### B. Whether It Was Error to Extend the Employer's Immunity Under the WCA to Its Supervisor.

■ Although addressed by other courts in this jurisdiction, this case presents a novel issue in this Court: Whether

a co-employee may be held individually liable in tort for acts done within his role as a supervisor/employee which result in injuries to a colleague, given the immunities afforded his employer under the WCA. Tavarez argues the trial court erred in its determination that the employer's statutory immunity extended to the appellee, precluding personal liability for negligence. Rather, Tavarez urges this Court to find that the supervisor may be held personally liable as a "third person", as defined in the statute. However, Klingensmith claims he owed no independent duty to appellant, because the challenged conduct fell solely within his scope of authority as supervisor for V.I. Cement.

The Virgin Islands Workmen's Compensation Act provides a quick remedy for workers injured in the line of duty, by requiring the respective employer to provide immediate compensation for medical treatment and income benefits during periods of disability or death. *See,* VIRGIN ISLANDS CODE ANN. tit. 24, § 250, *et. seq.* To expedite the process and avoid undue delays, the act provides for automatic compensation from an insured employer, without requiring a determination of fault. *Id.* at § 250 *(legislative findings); see, also, Peter v. Hess Oil V.I. Corp.,* 903 F.2d 935 (3d Cir.1990). In return for the availability of this expeditious, no-fault remedy, the injured employee also relinquishes any common law causes of action, and the employer is thereby immunized from tort liability. *See,* 24 V.I.C. § 263 (providing statutory tort immunity). Thus, as against the insured employer, the WCA is the exclusive remedy for employees who suffer injuries on the job. *See, id.* at § 284(a). While the WCA protects the employer from tort liability, however, it

does not similarly preclude independent causes of action against others whose negligent conduct caused the employee's injuries. In that regard, the statute provides, in pertinent part:

> In cases where the injury, the occupational disease or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been cause (sic) *under circumstances making third persons responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death* ....

*Id.* at § 263(emphasis added).[1] The issue which this Court must now resolve is whether a co-worker is a "third person" who may be independently sued within the meaning of section 263, or whether he should enjoy the immunity of the employer.

The WCA does not define the scope of "third persons" subject to liability, nor is the statute entirely clear regarding the scope of section 263. This Court's research also has uncovered no binding authority or relevant legislative history on this issue. Additionally, although this statute derives from Puerto Rico's Workmen's Compensation statute, our research reveals no mandatory case law in that jurisdiction interpreting the statute prior to its adoption in the Virgin Islands. *Cf., Berkeley v. West Indies Enterprises, Inc.,* 480 F.2d, 1088 (3rd Cir.1973)(noting that interpretation of statute by the highest court in the jurisdiction from which a statute is adopted is presumed to reflect the legislature's intent, only where such interpretation is prior to its enactment here).

---

1. Given the purposes and policies underlying the WCA, the statute also requires that an employee who recovers in an action against the ultimate third party tortfeasor subrogate those claims to the insured employer to prevent a windfall. *See, id.*

Nonetheless, although not binding on this Court under the rule stated in *Berkeley, supra,* this Court finds persuasive the interpretation of the scope of section 263 by courts in both Puerto Rico and the Virgin Islands.

The Puerto Rico Supreme Court, construing the scope of liability of "third persons," has excluded from that definition co-agents of the same employer whose negligent conduct within their official duties resulted in injury to another co-employee. *See, Rivera–Santana v. Superior Packing, Inc.,* Case No. RE–89–593, 1992 WL 754830 (D.P.R. December 9,1992) (official translation provided, *see,* J.A. at 35–61). The *Rivera* court declined to permit an independent action against the co-employee under section 263, where the claimed breach involved safety measures in the workplace. *Id. Rivera's* reasoning was premised on a determination that the conduct or omission which the plaintiff complained of fell within the non-delegable duty of the employer to provide a safe working environment and, therefore, could not be imputed to the employee who was simply acting on its behalf. *Id.* Rather, the court held that where a co-employee is acting in the scope of his authority in fulfillment of his employer's non-delegable duties, he is deemed to act solely as an agent of his employer, and "any breach of said obligation is exclusively chargeable to the employer." *Id.* (distinguishing a contrary ruling in *Lopez Rodriguez v. Delama,* 102 D.P.R. 254, 1974 WL 36874 (D.P.R.1974), where the court upheld individual liability against a co-employee for negligence arising from a traffic accident resulting in injuries to a co-employee, and noting that decision was not inapposite, as it also hinged on the separate duty of care owed by the co-employee). Under those circumstances, *Rivera* held that, where the law imposes a duty on an employer, a co-employee may not be held liable as a third person for injuries resulting from a breach of that duty.

Other courts in this jurisdiction have similarly construed the language of section 263 to impose tort liability on co-employees only in those limited instances where such liability is supported by a personally-held legal duty. In *Nickeo v. Atlantic Tele–Network Co.,* 2003 WL 193435,*2 (Terr.V.I. Jan. 14, 2003), the trial court dismissed plaintiff's complaint, holding a supervisor could not be held individually liable for failing to ensure sufficient personnel and safety equipment to enable the job to be done safely, where he owed no independent duty to his co-workers to do so. In *Stokes v. George,* Civ. No. 401–1998 (Terr.Ct. Sept. 4, 1998), the court permitted the injured plaintiff to pursue a separate tort claim against his co-employees for disfiguring injuries suffered on the job. However, that court's holding was based on its determination that the co-employees owed an independent duty of care for the safe handling of dangerous materials—a duty separate from those exclusively reserved to employers. *Id.* (acknowledging that individual liability goes against the standard established in the majority of jurisdictions and could be sustained only by showing some extra duty); *see, also,* 2A C. LARSON, THE LAW OF WORKMEN'S COMPENSATION, § 72.13 (1982) (discussing approaches in different jurisdictions).

Not surprisingly, appellant relies, in part, on a contrary holding in *Anthony v. Lettsome,* 22 V.I. 328, 1986 WL 8500 (D.V.I.1986). However, the distinctions in that case also cannot be avoided. There, an employee fell from a vehicle and suffered injuries as a result of his co-worker's negligent driving of a company truck. *Id.* The court denied defendant's motion for summary judgment, holding the co-employee could be found personally liable under section 263. *Id.* Although *Lettsome*

did not distinguish between the legal duties of an employer and the standards of care to which private individuals are held, its holding is not inapposite to the conclusions reached here. Significantly, unlike the safety issues present in this instance and in *Nickeo, cited supra,* the negligent conduct alleged in *Lettsome*—notably, negligent driving—also implicated a personal duty to exercise care on the public roadways, which is imposed on every driver. That court, therefore, correctly held that the employee-driver could be held personally liable for breach of that personal duty. The common thread evident in these holdings is a determination that personal liability must rest on breach of a personal duty of care imposed by law.

The construction of the WCA suggested here is consistent with the common law approach, which makes liability for negligence dependent on the existence of specific legal duties whose breach results in harm to another. *See, e.g.,* RESTATEMENT (SECOND) OF TORTS § 328B (1965); RESTATEMENT (THIRD) OF TORTS § 6 (1999); *see, also, Slater v. Skyhawk Transp., Inc.* 187 F.R.D. 185, 203–204 (D.N.J.1999)(discussing elements of negligence). Because of the policy reasons favoring workplace safety, the law imposes a legal duty on employers to ensure a safe working environment and safe instrumentalities for their employees, and expressly designates those duties as non-delegable. *See, e.g.,* RESTATEMENT (SECOND) OF AGENCY § 492(1958)(duty to provide safe working conditions), comment a(noting that this duty is *non-delegable* ), comment e(employer's duty to provide safe instrumentalities); § 503(duty to provide and maintain safe working conditions). Thus, an employer may not escape or shift liability for the breach of those duties defined as "non-delegable" merely by entrusting responsibility in another. *See, id.* at § 492, comment a. Contrarily, the legal duty imposed

on private individuals is that of ordinary care under the circumstances, based on an objective standard of reasonableness. *See,* RESTATEMENT (SECOND) OF TORTS § 283 (1986).

As basis for this action, Tavarez claims his supervisor failed in his job responsibility to ensure the truck he was assigned to drive was safe. These claims fall squarely within the scope of duties for which an employer is exclusively liable and may not be imputed to Klingensmith for the purpose of personal liability. Appellant's reliance on the language of section 284 of the statute to urge a contrary result is unpersuasive. Section 284 provides, in pertinent part:

> For the purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The "statutory employer and borrowed servant" doctrine are not recognized in this jurisdiction, **and** *an injured employee may sue any person responsible for his injuries other than the employer named in a certificate of insurance issued under section 272 of this title.*

24 V.I.C. § 284(b)(emphasis added). Appellant relies on the highlighted phrase to support his argument that the legislature intended to permit personal liability against co-workers under section 263 and to provide protection only to the precise entity named on the certificate of insurance. Read in isolation, it is understandable how appellant could conceive that the legislature intended that any and everyone not specifically named on the certificate of insurance is subject to individual liability, regardless of the nature of the duty the law imposes on that individual. However, such literalism is untenable here, for that single phrase cannot be exorcised and read

in disregard of the rest of the provision. Indeed, this provision does not purport to address master-servant relationships and the resulting legal duties. Rather, read as a whole, section 284 was a clear attempt by the legislature to define and limit the scope of *employers* who may enjoy the protections of the WCA's tort immunity. This construction finds support from the context in which the legislature enacted this amendment.

Prior to this amendment, this jurisdiction construed the WCA to embrace the borrowed servant doctrine, thereby extending tort immunity to borrowing employers. *See, e.g., Vanterpool v. Hess Oil V.I. Corp.,* 766 F.2d 117, 121 (3d Cir.1985). That construction was viewed as undesirable, and the legislature responded by amending the WCA to clarify its reach. *See, Peter,* 903 F.2d at 938–940 (noting that legislature amended sections 263a and 284(b)of the WCA to abrogate the borrowed servant doctrine, in response to *Vanterpool,* which construed the WCA to extend tort immunity to borrowing employers); *see, also, Nieves v. Hess Oil V.I. Corp.,* 819 F.2d 1237 (3d Cir.1987). The *Nieves* Court also viewed the intended effect of section 284 as abrogating the borrowed servant doctrine and clarifying the effective date of the statute:

> On January 23, 1986, the Virgin Islands legislature amended the exclusive remedy provision of the Workmen's Compensation Act, *adding a statement that: The "statutory employer and borrowed servant" doctrine are not recognized in this jurisdiction, and an injured employee may sue any person responsible for his injuries other than the employer named in a certificate of Insurance issued under Section 272 of this Title.* Bill No. 498, 16th Legislature § 1(a) (1986) (to be codified at 24 V.I.C. § 284(b)), Nieves App. at 150. This provision, to be codified as 24 V.I.C. § 284(b), does not appear to be substantively different from the 1984 amendment codified as 24 V.I.C. 263a in its effect on the borrowed employee doctrine. However, the proposed addition was made applicable not only to claims filed after the effective date of the amendment but also to "claims pending as of the effective date of this Act: regardless of when the accident which gave rise to the claim occurred." Bill No. 498, 16th Legislature § 1(b) (1986), Nieves App. at 151.

*Id.* at 1241. That the legislature intended this provision to cure what it viewed as an erroneous judicial extension of the Act is additionally reflected in the conjunctive language of the provision, which connects the last phrase on which appellant relies to the abrogation of the borrowed servant doctrine. The legislative impetus behind section 284 was clearly to ensure that the protections of the act were not extended to secondary employers, and this Court will avoid reading more into that section than intended.

■ Finally, imposing broad personal liability on employees for conduct done solely on behalf of their employer would be abhorrent to public policy and would destroy the intended statutory protections for employers, by potentially subjecting them indirectly to dual liability. Under agency principles, an employer may be held vicariously liable for its employees' negligent conduct occurring during the scope of employment. *See, e.g., Williams v. Rene,* 72 F.3d 1096, 1099 (3d Cir.1995) (discussing *respondeat superior* ). Hence, it follows that if employees are held liable for acts done on behalf of an employer, that employer could potentially be later made to bear the consequences of those acts, thereby nullifying the immunity afforded under the WCA and, essentially, "depriving ... employers of their side of

the [WCA's] *quid pro quo.*" Peter, 903 F.2d 953 (discussing analogous statute). Permitting such back door liability, in the face of the statutory immunity afforded employers, is contrary to the spirit of that statute and would produce absurd results.

## IV. CONCLUSION

A co-worker is a "third person" who may be held liable within the contemplation of section 263, only to the extent he owed a personal legal duty of care, separate from that of the common employer. However, personal liability may not lie against a co-employee for injuries resulting from an unsafe workplace or instrumentalities, which the law designates as the non-delegable duty of the employer to provide. Because the omissions complained of here fell within the duties owed exclusively by an employer, the trial court's grant of summary judgment will be affirmed.

### *ORDER*

For the reasons stated in an accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the trial court's order granting the appellee's motion for summary judgment is **AFFIRMED**.