

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2004

# Tavarez v. Klingensmith

Precedential or Non-Precedential: Precedential

Docket No. 03-2815

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tavarez v. Klingensmith" (2004). *2004 Decisions.* Paper 553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2815

_____

ORLANDO TAVAREZ,
Appellant

v.

ALLAN KLINGENSMITH

_____

On Appeal from the District Court
of the Virgin Islands
Division of St. Croix, Appellate Division
(D.C. Civil No. 99-cv-00212)

Chief District Judge:
Honorable Raymond L. Finch
District Judge:
Honorable Thomas K. Moore
Territorial Judge:
Honorable Brenda J. Hollar

_____

Submitted pursuant to
Third Circuit LAR 34.1
May 7, 2004

Before: BARRY, AMBRO and SMITH,
*Circuit Judges*

(Filed: June 15, 2004)

Joel H. Holt, Esq.
Law Offices of Joel H. Holt
2132 Company Street, Suite 2
Christiansted, St. Croix
United States Virgin Islands 00820
*Counsel for Appellant*

Susan B. Moorehead, Esq.
John E. Stout, Esq.
Sandra A. Nabozny-Younger, Esq.
Grunert, Stout & Bruch
24-25 Kongensgade, P.O. Box 1030
Charlotte Amalie, St. Thomas
United States Virgin Islands 00804
*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*

This appeal requires that we determine whether the immunity afforded to an employer under the Workers' Compensation Act of the Virgin Islands shields Allan Klingensmith, Orlando Tavarez's supervisor, from personal liability for allegedly tortious acts committed as a manager of the employer's business. We conclude that the injured employee's suit against his supervisor is barred and affirm the judgment of the Appellate Division.[1]

I.

The facts are not disputed. In 1995,

_____

[1] *See Tavarez v. Klingensmith*, 267 F.Supp. 448 (D.V.I. 2003).

Orlando Tavarez was employed by V.I. Cement & Building Products, Inc. ("VI Cement"). His duties included driving a dump truck. During early 1995, Tavarez asked Allan Klingensmith, one of VI Cement's managers, to replace the tires on Tavarez's truck. Although Klingensmith agreed to change some of the tires, he refused to grant permission to have the left front tire of the truck replaced. On March 21, 1995, the left front tire blew out while Tavarez was driving the truck and he was seriously injured.

Tavarez filed a claim under the Virgin Islands Workers' Compensation Act ("WCA" or the Act), 24 V.I.C. § 250 *et seq.*, and was awarded benefits. Thereafter, Tavarez filed this negligence action in the Territorial Court of the Virgin Islands alleging that Klingensmith was personally liable for the injuries Tavarez sustained. Tavarez averred that Klingensmith was liable because he had refused, as VI Cement's manager, to grant Tavarez's request to replace the left front tire on the dump truck. According to Tavarez, his injuries were the direct and proximate result of Klingensmith's refusal.

Klingensmith moved for summary judgment, contending that he was immune from suit under the WCA. The Territorial Court denied the motion and the matter proceeded to trial. The evidence at trial established that Klingensmith, as Tavarez's supervisor, had refused to grant Tavarez's request to replace the left front tire of the truck. At the close of the evidence, Klingensmith moved for judgment as a matter of law, reiterating his

contention that he was immune from suit under § 284 of the WCA. The Territorial Court granted the motion and explained that Klingensmith, in his capacity as a manager of VI Cement, had failed to grant permission to replace the tire and that this omission occurred "solely and only because of the employment relation between the parties." As a result, the Territorial Court determined that Klingensmith had breached the employer's non-delegable duty to provide a safe workplace and that Klingensmith was entitled to the immunity afforded employers under the WCA.

Tavarez filed a timely appeal with the Appellate Division of the District Court of the Virgin Islands. The Appellate Division affirmed the decision of the Territorial Court, holding that Klingensmith was immune under the WCA.[2]

## II.

Because Tavarez claims that the express language of the statute allows him to assert a negligence claim against his supervisor, we begin with the plain text of the statute. *United States v. Ron Pair*

---

[2]The Appellate Division of the District Court had jurisdiction pursuant to 48 U.S.C. § 1613a(b). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c). We exercise plenary review over issues of statutory interpretation. *Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F.2d 1056, 1063 (3d Cir. 1992).

*Enter.*, 489 U.S. 243, 241 (1989). If the statutory language of § 284(b) is susceptible to different interpretations, we must look to the surrounding words and provisions and their context. *Whitman v. Am. Trucking Ass'n*, 531 U.S. 457, 466 (2001). This requires applying the "cardinal rule that a statute is to be read as a whole, . . . since the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) (internal citation omitted). If possible, we must "'give effect . . . to every clause and word of a statute,'" *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *United States v. Mensache*, 348 U.S. 528, 538-39 (1955)), and be "'reluctan[t] to treat statutory terms as surplusage.'" *Id.* (quoting *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Oregon*, 515 U.S. 687, 698 (1995)). To that end, we must be mindful of the application of the statutory canon of "*ejusdem generis*, . . . '[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001) (quoting 2A N. Singer, Sutherland on Statutes and Statutory Construction § 47.17 (1991)). In matters of statutory construction, we may consider the legislative history, as well as the "'atmosphere in which [the statute] was enacted.'" *New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1498 (3d Cir. 1996) (quoting *Carteret Savings Bank, F.A. v. Office of*

*Thrift Supervision*, 963 F.2d 567, 574 (3d Cir. 1992)); *see also Hudson United Bank v. Chase Manhattan Bank of Conn.*, 43 F.3d 843, 849 n.14 (3d Cir. 1994) (observing that "consideration of legislative history would be appropriate" in appeal involving statutory construction of venue provision of the Financial Institution Reform, Recovery, and Enforcement Act).

Most of the Virgin Islands WCA has been in existence since 1954. *See Anthony v. Lettsome*, 22 V. I. 328, 329 (D.V.I. 1986); 24 V.I.C. ch. 11, historical ann. The Act mandates that "[e]very employer shall pay compensation as . . . specified for the disability . . . of an employee resulting from a personal injury . . . arising out of and in the course of his employment, irrespective of fault." 24 V.I.C. § 252(a). Employers fulfill this obligation by insuring against liabilities with the Government Insurance Fund. 24 V.I.C. § 272. When an employer is insured, the injured employee's right to obtain compensation from his employer is limited to the remedies set forth in the WCA. 24 V.I.C. § 284(a).

In 1984, the Virgin Islands' legislature amended the WCA, adding § 263a, which provides:

> It shall not be a defense to any action brought by or on behalf of an employee, that the employee at the time of his injury or death, was the borrowed, loaned, or rented employee of another

3

employer. Any oral or written agreement between an employer and employee which makes the employee the borrowed, loaned, or rented employee of another employer shall be null and void as being against the public policy of this Territory.

24 V.I.C. § 263a; *see Vanterpool v. Hess Oil Virgin Islands Corp.*, 766 F.2d 117, 119 n.1 (3d Cir. 1985). This amendment made explicit that the immunity afforded by § 284(a) did not shield a borrowing employer from liability under the common law.

Two years later, in 1986, the legislature enacted § 284(b), which provides:

> For the purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The "statutory employer and borrowed servant" doctrine are not recognized in this jurisdiction, and an injured employee may sue any person responsible for his injuries other than the employer named in a certificate of insurance

> issued under section 272 of this title.

24 V.I.C. § 284(b). Although this provision was substantively similar to § 263a, this new provision was applicable to all claims pending on the effective date of the Act. *See Nieves v. Hess Oil Virgin Islands Corp.*, 819 F.2d 1237, 1241 (3d Cir. 1987).

### III.

Tavarez argues that the "express language of the statute . . . clearly permits a claim against a co-worker or supervisor for their specific negligent acts which cause injury." According to Tavarez, this is evident from the fact that § 284(b) allows an injured employee to sue any person except the employer named in the certificate of insurance issued pursuant to § 272 of the WCA. *See* 24 V.I.C. § 284(b). In short, Tavarez contends that immunity under the WCA is limited to the employer named in the certificate of insurance.

Tavarez is correct that § 284(b), like § 263a, limits those persons who may be entitled to the immunity afforded under the WCA. The plain words of these statutory provisions eliminate the possibility that a borrowing employer or a statutory employer may qualify as an "employer" entitled to immunity under § 284(a) of the WCA. Indeed, the initial clause of the second sentence of § 284(b) abrogates the viability of the statutory employer or borrowed servant doctrine in the Virgin Islands for workers' compensation purposes and expressly

4

allows that an injured employee may sue a secondary employer who is not named in the certificate of insurance.

Tavarez argues, however, that § 284(b) is broader. He contends that the right to sue "any person" in the second sentence of subsection (b) encompasses the right to sue his supervisor regardless of the fact that his employer is entitled to immunity under the Act. At first blush, the apparent breadth of the term "any person," combined with the fact that Klingensmith was not personally named in the certificate of insurance, appears to give Tavarez's argument some support.

However, upon examination of the statutory scheme of the WCA as a whole, we conclude that § 284(b) is not so sweeping as Tavarez would have us hold. First, while § 284(b) limits who is entitled to immunity under the WCA, scrutiny of the plain language of § 284(b) fails to reveal any intent by the Virgin Islands' legislature to address whether an injured employee may initiate a civil action against a co-employee or a supervisor of the same employer.

Second, the broad reading of § 284(b) that Tavarez urges would frustrate the exclusivity of the remedy available under the WCA. The exclusivity provision would be undermined because a corporate employer "can act only through its agents" and the "acts of corporate . . . employees on behalf of the corporation are the acts of the corporation." *Tunis Bros. Co. v. Ford Motor Co.*, 763 F.2d 1482, 1496 n.21 (3d Cir. 1985), *rev'd and remanded on other grounds*, 475 U.S. 1105 (1986). For that reason, an employer would normally indemnify or assume the defense of its employee sued for negligence. The employer, however, is supposed to be immune under § 284(a) from liability for injuries sustained by its employee arising out of and in the course of employment. Therefore, despite the immunity afforded under § 284(a), an employer may ultimately be faced with defending itself as a principal vicariously liable for the acts of its agents who may have caused another employee's injuries.

Application of the statutory canon of *ejusdem generis* yields a more logical result. That is, the general term "any person" in the second sentence of § 284(b) is a reference to the preceding specific terminology discussing statutory employers and borrowed servants. Thus, § 284(b) alters only the immunity that statutory employers previously enjoyed, subjecting these statutory employers to personal liability if they are not named in the certificate of insurance.

This interpretation is consistent with the history surrounding § 263a and § 284(b) of the WCA. As the *Vanterpool*, 766 F.2d at 119, and *Nieves*, 819 F.2d at 1240-41, decisions pointed out, both sections were in response to ongoing litigation regarding a borrowed employee's right to recover from his borrowing employer. Indeed, in *Gass v. Virgin Islands Tel. Corp.*, 311 F.3d 237, 245 (3d Cir. 2002), we noted that an explanation attached to the bill enacting § 284(b) stated:

5

This bill is needed to assist person [sic] who are injured while on the job . . . This need arises because the courts have been interpreting Section 284 of Title 24 of the Workmen's Compensation Act to grant immunity not only to a worker's immediate employer, but also to secondary employers although the Legislature never intended immunity for these secondary wrongdoers.

*Id.* at 245 (quoting Bill No. 498, 16th Legislature (1986)). Notably absent from § 284(b) or this explanation is any expression of intent to expose the supervisors of an injured employee to personal liability.

In sum, we conclude that § 284(b) relates only to the liability of secondary employers and does not affect the ability of an injured employee to sue his supervisor for tortious acts committed in his managerial capacity.[3]

---

[3]We recognize that § 263 allows for claims against third persons responsible for an employee's injuries and provides a right of subrogation to the Administrator. Tavarez did not rely on § 263 below, nor does he even mention the provision here. For that reason, we have limited our analysis, as argued by Tavarez, to § 284(b).

IV.

Although § 284(b) does not allow Tavarez to proceed with his personal liability suit against Klingensmith, we have yet to determine whether the employer's immunity under § 284(a) of the WCA extends to a supervisor for acts committed as a manager of the employer's business. The Appellate Division of the District Court determined that Klingensmith was immune from liability because the duty which he breached, by refusing to change the tire, was the employer's non-delegable duty to provide a safe workplace. This rationale is consistent with the statutory scheme of the WCA and general principles of agency law. *See* Restatement (Second) of Agency § 492 (1958); *Tunis Bros. Co.*, 763 F.2d at 1496 n.21 (observing that corporation can act only through its agents). Thus, we conclude that the immunity afforded to an employer under the WCA also shields a supervisor from personal liability for harm caused by his negligent failure to provide a safe workplace for the employer's workers.[4]

---

[4]We recognize that there are several decisions in which a co-worker was held personally liable because the breach in those cases was of a personal duty, such as exercising care in driving a vehicle or in handling dangerous materials. *See Lettsome*, 22 V.I. at 328; *Stokes v. George*, Civ. No. 401-1998, (Terr. Ct. V.I. Sept. 4, 1998). We need not determine whether a co-worker or supervisor may be personally liable

Accordingly, we affirm the judgment of the Appellate Division.

---

under such circumstances inasmuch as the breach in this case was of the employer's non-delegable duty to provide a safe workplace.