**TIMOTHY DEFOE, Plaintiff**
**v.**
**LENROY PHILLIP, Defendant**

Case No. SX-07-CV-268

Superior Court of the Virgin Islands

Division of St. Croix

February 12, 2009

JOEL HOLT, ESQ., Christiansted, USVI, *Attorney for Plaintiff.*

DOUGLAS L. CAPDEVILLE, ESQ., Law Offices of Douglas L. Capdeville, P.C., Christiansted, USVI, *Attorney for Defendant.*

D'ERAMO, *Judge*

## AMENDED MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT[1]

### (February 12, 2009)

This case is before the Court on Defendant's Motion for Summary Judgment.

---

[1] The amendment, which is *nunc pro tunc* to the entry of the Court's January 12, 2009 Order, corrects the title of the document and make no further changes.

The facts are not in dispute. On October 27, 2007, Timothy Defoe and Lenroy Phillip were employees of HOVENSA. Defoe, whose shift was ending, was walking to the HOVENSA Refinery gate when he was struck by a HOVENSA-owned vehicle operated by Phillip. The vehicle was assigned to Philip's shift supervisor, and Phillip had used it to take another HOVENSA employee to the Refinery's Administration Building. He was returning to his work station at the Terminal Department when the accident occurred. The accident occurred within the HOVENSA Refinery.

Defoe was injured and subsequently sought, and obtained, Workers Compensation via HOVENSA's coverage with the Government Insurance Fund. The accident was investigated by HOVENSA, and Phillip was issued a citation by HOVENSA for driving without due care and attention. Defoe then brought the instant case, alleging that Philip was grossly negligent.

Philip has moved for summary judgment claiming that, as a co-employee, he is entitled to the benefit of the Workers Compensation bar to suit found in 24 V.I.C. §284, which states:

### 284. Exclusiveness of remedy

(a) When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist.

(b) For the purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The statutory employer and borrowed servant doctrine are not recognized in this jurisdiction, and an injured employee may sue any person responsible for his injuries other than the employer named in a certificate of insurance issued under section 272 of this title.

The issue of whether a co-employee is entitled to the benefit of §284 has been examined several times by the courts of the Virgin Islands. In *Anthony v. Lettsome*, 22 V.I. 328 (D.V.I. 1986), the District Court denied summary judgment to a defendant who, like Phillip in this case, sought the benefit of § 284. The Plaintiff in *Lettsome*, in the course of his

employment, was riding in the back of a truck being operated by the defendant on behalf of their common employer. The plaintiff claimed that he fell from the vehicle and suffered injuries because of the manner in which defendant was operating the vehicle. The defendant had admitted in his responsive pleading that he was acting within the scope of his employment, agency and authority at the time of the incident giving rise to this action. In opposition to the motion for summary judgment, the plaintiff contended that §284 inures to the benefit of the employer and his injured employee only, and that the defendant, was a "third person" amenable to suit by a co-employee within the meaning of 24 VIC Section 263.[2]

---

[2]    Which now provides that:

In cases where the injury, the occupational disease or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been cause under circumstances making third persons responsible for such injury, disease or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death within two years following the date of the injury. The Administrator may subrogate himself to the rights of the workman or employee or his beneficiaries to institute the same action in the following manner:

When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the Government Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Administrator shall subrogate himself to the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or employee or of his beneficiaries, within two years following the date of the injury, and any sum which as a result of the action, or by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Administrator under the provisions or this section, and it shall be the duty of the Administrator to serve written notice on them dutch proceedings within five days after the action is instituted.

The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, unless the Administrator is a party to the action or agrees to the compromise, but the failure to join the Administrator shall not deprive the courts of jurisdiction over the claim or otherwise result in dismissal of the claim, so long as the injured worker or employee acknowledges that all sums due the Government Insurance Fund are secured by any recovery.

No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third person responsible shall be valid or effective in law unless the expenses incurred by the Government Insurance Fund in the case are first paid. No judgment shall be entered in actions of this nature and no compromise whatsoever as to the rights of parties to said actions shall be approved, without making express reserve of the rights of the Govern-

The District Court noted that The Virgin Islands Workmen's Compensation law is a codification of the Kean Workmen's Compensation Act which was enacted by an Ordinance of the Municipal Council of St. Thomas 1954. That Ordinance was taken directly, though in somewhat abbreviated form, from the Workmen's Accident Compensation act or Puerto Rico, Title 11 of the Laws of Puerto Rico Annotated. The *Lettsome* court also noted that the portion of 24 VIC § 263 with which it was concerned was identical in language to that of 11 L.P.R.A. Section 32 of the Puerto Rico Act, *Berkeley v. West Indies Enterprises, Inc.*, 10 V.I. 619, 625, 480 F.2d 1088 (D.V.I. 1973). The District Court persuaded by the holding of *Lopez Rodriguez v. Delama*, 1974 PR Sup. LEXIS 245, 102 D.P.R. 254 (DPR 1974), held that plaintiff in *Anthony* had a viable cause of action against the defendant as a "third person," notwithstanding his status as a fellow employee.

In January of 2003 the Territorial Court of the Virgin Islands[3] issued an opinion in the case of *Nickeo v. Atlantic Tel-Network*, 45 V.I. 149 (Terr. Ct. 2003) in which it re-examined the holding of the District Court in *Lettsome*. Relying in part on the Puerto Rican Supreme Court case of *Revera-Santana v. Superior Packaging, Inc.*, Case No. RE-89-593 (decided December 9, 1992),[4] *Nickeo* held that when an employee acts for and/or on behalf of the employer to carry out the duty of the employer to provide safe working conditions, that employee shall be considered the "employer" for purposes of the workers' compensation statute, because providing safe working conditions is a non-delegable duty owed by the employer. Thus, the Territorial Court granted summary judgment in favor

---

ment Insurance Fund to reimbursement of all expenses incurred. The clerk of the court taking cognizance of any claim of the above-described nature shall notify the Administrator of any order entered by the case, as well as the final deposition thereof.

The Administrator may compromise as to his rights against a third party responsible for the damages. No such extrajudicial compromise, however, shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

Any sum obtained by the Administrator through the means provided in this section shall be covered into the Government Insurance Fund.

[3] Now the Superior Court of the Virgin Islands.

[4] In *Revera-Santana*, the Puerto Rican Supreme Court distinguished *Lopez Rodriguez* (relied upon by the Virgin Islands District Court in *Anthony v. Lettsome*) on the grounds that, under Puerto Rican law, all drivers on the public streets have a pre-existing duty to drive with the prudence of a reasonable person, a duty which is separate and apart from the non-delegable duty of an employer to provide safe working conditions.

of the defendant/co-employee, holding that he was acting as an agent of his employer in the performance of the duty to provide a safe work place, and was entitled to the protection of §284.

In June of 2003 the Appellate Division of the District Court ruled, in *Tavarez v. Klingensmith*, 267 F. Supp. 2d 448 (D.V.I. 2003), that a co-employee is a "third person" who may be held liable within the contemplation of section 263 only to the extent he owed a personal legal duty of care to the injured employee separate from that of the common employer. The Appellate Division held that personal liability may not lie against a co-employee for injuries resulting from an unsafe workplace or instrumentalities, because providing a safe workplace is a non-delegable duty of the employer. In affirming the trial court's grant of summary judgment, the Appellate Division noted that:

> Although [*Anthony v.*] *Lettsome* did not distinguish between the legal duties of an employer and the standards of care to which private individuals are held, its holding is not inapposite to the conclusions reached here. Significantly, unlike the safety issues present in this instance and in *Nickeo*, cited supra, the negligent conduct alleged in *Lettsome* — notably, negligent driving — also implicated a personal duty to exercise care on the public roadways,[5] which is imposed on every driver. That court, therefore, correctly held that the employee-driver could be held personally liable for breach of that personal duty. The common thread evident in these holdings is a determination that personal liability must rest on breach of a personal duty of care imposed by law, *id.*, 267 F. Supp. 2d at 453.

The Third Circuit affirmed in *Tavarez v. Klingensmith*, 372 F.3d 188 (3d. Cir. 2004). The Circuit explicitly limited its analysis to the effect of 24 V.I.C. 284(b) on any potential cause of action by an employee against

---

[5] Both the Appellate Division's opinion in *Tavarez* and the Territorial Court's in *Nickeo* reflected an assumption that the incident in *Anthony v. Lettsome* occurred on a public roadway. Although this is not explicitly stated in the District Court's opinion, it appears to be a fair assumption. Also, although the Appellate Division seems to have interpreted *Lettsome* as standing for the narrow proposition that an employee-driver could be held personally liable for breach of a personal duty, the *Lettsome* opinion itself appears to stand for the broader proposition that a co-employee does not enjoy the protection of §284, a proposition that has been severely limited by the holdings of both the Appellate Division and the Third Circuit in *Tavarez*.

a co-employee. The Circuit explicitly left open the effect, if any, of 24 V.I.C. 263, noting that it had not been the subject of argument by the Plaintiff.[6] The Circuit also left open the question of the continued vitality of the holding in *Anthony v. Lettsome*.[7]

## Public Roadway

■ In this case, it is undisputed that the accident did not occur on a public road, but within the employer's refinery. Courts in other jurisdictions have held that the safe operation of a motor vehicle by an employee while in the course and scope of employment is within the non-delegable duty of an employer to provide a safe work place, whether the vehicle is operated on a public roadway or otherwise, *see State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 622 (Mo. banc 2002); *State of Missouri ex rel. Larkin v. Oxenhandler*, 159 S.W.3d 417 (Mo. App. W.D. 2005); *Taylor is Brown v. Roberson*, 111 S.W.3d 422, (Mo. App. E.D. 2003); *Majors v. Moneymaker*, 196 Tenn 698, 270 S.W.2d 328, (1954); *Jackson v. Hutchinson*, 453 S.W.2d 269 (Ky. 1970); *Helmic v. Paine*, 369 Mich. 114, 119 N.W.2d 574 (1963); *Blank v. Chawla*, 234 Kan. 975, 678 P.2d 162 (1984); *Rylander v. Chicago Short Line Ry. Co*, 17 Ill. 2d 618, 161 N.E.2d 812 (1959).

The accident in this case occurred on non-public roads within the HOVENSA refinery. Thus, to the extent that *Anthony v. Lettsome* retains vitality and stands for the proposition that Virgin Islands law imposes an obligation to operate a motor vehicle safely on a public roadway which is separate and apart from the non-delegable duty of an employer to provide safe working conditions, that proposition is inapplicable to this case.[8]

## Course and Scope

■ Plaintiff also asserts that he was not acting in the course and scope of his employment at the time of the accident, but rather had finished his shift and was heading toward the refinery gate to go home. Plaintiff does not dispute that the accident occurred within the refinery, or that the

---

[6]  *Id.* at n.3.

[7]  *Id.* at n.4.

[8]  This Court is not aware of any Virgin Islands precedent that would extend such an obligation to the operation of a motor vehicle on private premises.

Defendant was acting within the course and scope of his employment at the time of the accident.[9] Title 24 V.I.C. §252(a) states, in relevant part:

> Injuries resulting from travel to and from home immediately before or after working hours and injuries resulting from travel to and from an eating place during an authorized break period shall be considered as arising out of and in the course of employment, provided that such travel is by a reasonably direct route.

■ Thus, the statute expressly provides that plaintiff would be entitled to compensation while traveling to and from work. Indeed, Defoe made a successful application for benefits. Since his injuries were compensable under Chapter 11, §284 would apply to limit his remedies against HOVENSA to the receipt of Workers Compensation benefits, and therefore would apply equally (in the absence of an identifiable independent duty) to limit his remedies against his co-employee, Phillip.

### Section 263

■ Defoe has urged the Court to hold that 24 V.I.C. §263 permits him to maintain a cause of action against Phillip. The Appellate Division in *Tavares* specifically held that:

> A co-worker is a "third person" who may be held liable within the contemplation of section 263, only to the extent he owed a personal legal duty of care, separate from that of the common employer. However, personal liability may not lie against a co-employee for injuries resulting from an unsafe workplace or instrumentalities, which the law designates as the non-delegable duty of the employer to provide, *Tavarez*, 267 F. Supp. 2d at 455.

In affirming, however, the Third Circuit stated:

> We recognize that 263 allows for claims against third persons responsible for an employee's injuries and provides a right of

---

[9] Defoe also asserts that Phillip was not, at the time of the accident, engaged in activity specifically intended to fulfill the employer's duty to provide a safe work place. However, the non-negligent operation of a motor vehicle on company premises is one part of providing a safe work place. Under the Third Circuit's opinion in *Tavares*, the relevant inquiry appears to be whether Phillip's negligent conduct, whatever its ultimate purpose might have been, constituted a breach of the employer's duty to provide a safe work place, as opposed to a duty of care personal to Phillip separate from the employer's duty.

subrogation to the Administrator. Tavarez did not rely on 263 below, nor does he even mention the provision here. For that reason, we have limited our analysis, as argued by Tavarez, to 284(b), *Tavarez*, 372 F.3d at 192.

■ Although the Third Circuit did not resolve the issue of the effect of §263, this Court is bound by the opinion of the Appellate Division to that issue. Additionally, the Court notes that §263 does not, by its express terms, define the liability of a third person to an employee, but rather defines the rights of the Administrator of the Workers Compensation fund as against the employee and the third person.

## Conclusion

■ Because plaintiff has not identified a breach by Defendant of a duty owed to him under Virgin Islands law which is separate and apart from the non-delegable duty of his employer to provide safe working conditions, the Court holds that §284 bars Plaintiff's claims against Defendant. The Court therefore grants summary judgment to the Defendant and dismisses Plaintiff's claims with prejudice.